# Smith, *et al.* v. Hill.

*Partition in Kind.*

(Decided November 21, 1912.   60 South. 57.)

1. *Partition; Commissioners; Finding.*—Commissioners appointed in partition are not jurors but act as arbitrators, their report being in the nature of an award, and while subject to revision and rejection for manifest error of fact or law, such errors must be brought to the court's attention by exceptions to their report seasonably filed by the objecting party, who has the burden of proof.

2. *Same; Action of Commissioners; Review.*—Where the report of commissioners for partition involved a mistake of law or fact, or it appears that they have proceeded in violation of their instruction, the report will be set aside; but where it is objected to on the ground that they did not reach a just result, the award will be treated as of the same standing as the verdict of a jury, or the report of a master, as to all questions of fact, and will not be set aside except on evidence too plain to be mistaken.

3. *Same; Vacation; Affidavits.*—Where the only objection to the report of partition commissioners was that their allotment was unfair in that it gave to plaintiff property in excess of the value of his proportionate share, the affidavits of alleged experts stating their opinion as to the specific and relative value of the various portions of the land partitioned are not sufficient to falsify the report.

APPEAL from Talladega City Court.

Heard before Hon. E. J. GARRISON.

Bill by George A. Hill, against M. A. Smith and others, for partition of real estate in kind. From a judgment overruling exceptions to the report of the commissioners of a partition in kind, respondents appeal. Affirmed.

WHITSON & HARRISON, for appellant.   It is within the power and province of the court to set aside the

[Smith, et al. v. Hill.]

report of the commissioners where justice requires it.—
Freeman on Co-tenancy, sec. 563 and cases cited. It
is within the power of the court to disapprove the report
of the commissioners and to refuse to confirm it.—
*Riggs v. Dixon,* 35 Am. Dec. 113. The court may modify
the report as it sees fit.—*Shearer v. Shearer,* 101 N. W.
175. The good faith of the commissioners is to be de-
termined by the circumstances.—*Adair v. Cumming,* 12
N. W. 495; *Young v. Bickle,* 1 S. & R. 467; *Henry v.
Johnson,* 28 W. Va. 190.

KNOX, ACKER, DIXON & SIMS, for appellee. The find-
ing and report of commissioners on partition is similar
to the finding of the jury, and will not be disturbed
except on clear and positive proof that it is erroneous,
the burden being on the exceptor.—30 Cyc. 265-6; 9
Enc. of Evid. 531; 18 N. C. 257; 5 N. H. 329; *Bryan v.
Stearns,* 16 Ala. 302. As regards the affidavits, refer-
ence is made to 2 Moore on Facts, p. 1093, et seq. The
lower court having determined the matter, this court
will not review it unless it is clearly convinced that the
judgment is palpably wrong and unjust.—*Cobb v.
Malone,* 92 Ala. 630.

SOMERVILLE, J.—At the suit of appellee a parti-
tion in specie was had of certain lands jointly owned
by appellee and appellants. The commissioners ap-
pointed by the court made the partition under the
orders of the court, and duly filed a report of their pro-
ceedings. Appellants filed exceptions to the partition
as made, and moved that it be set aside; their objection
being that the allotment was not fair and just, and that
it gave to appellee property considerably in excess of
the value his proportionate interest entitled him to. A
trial of this issue was had before the chancellor; the

only evidence offered being the report itself and the affidavits of some 30 persons, including those of the commissioners. Upon an examination of this evidence the chancellor was not convinced that the partition was subject to the objections stated, and overruled the exceptions, and confirmed the action of the commissioners.

Partition commissioners are not jurors, nor is their service the same as that of a master in chancery. Their capacity is rather that of arbitrators, and their action is analogous to an award.—*Hall v. Hall,* 140 Mass. 267, 2 N. E. 700. Unquestionably, their action, when duly reported to the court, is subject to revision and rejection for manifest errors of law or fact. Such errors must be brought to the court's attention by exceptions to the report, seasonably filed by the objecting party, who, of course, assumes the burden of proof.

Where the report itself, or extrinsic evidence, clearly shows that the action of the commissioners was founded upon a material *mistake* of law or of fact, or that they proceeded in violation of their instructions, the court will not hesitate to set aside their report, and order a new partition. Where, however, the objection is to the result of the exercise of their judgment, and the issue raised is merely whether they have thereby reached a just result and made a fair partition, there is no sound reason why their conclusions in that regard should not be as highly regarded as the verdict of a jury, or the report of a master, upon questions of fact. "The proceeding is somewhat analogous to a motion for a new trial, in which the report of the commissioners is treated as if it were the verdict of a jury, and rarely set aside, if there is any evidence to sustain it."—30 Cyc. 266; and authorities cited in note 90. "To justify the court in setting aside a partition of real estate on the ground of a mistaken judgment on the part of the com-

missioners, the evidence must be too plain to be mistaken. If it be doubtful or contradictory, the report will be sustained."—9 Ency. Evidence, 531, 532. The requirements for the impeachment of a jury's verdict upon an issue of fact have been clearly and strongly stated by this court in the case of *Cobb v. Malone,* 92 Ala. 630, 9 South. 738, and are too well understood to require repetition.

Appellants, while conceding these requirements, insist that they have met them by the number of their witnesses and the weight of their evidence. This evidence consists entirely of the opinions of the witnesses as to the specific and relative values of the various portions of the lands partitioned. It is in the form of ex parte affidavits, justly characterized by Bentham as "the most miserable species of evidence." In Moore on Facts, p. 1097, the writer quotes the following forcible language of Justice Grier, of the United States Supreme Court: "An affiant seldom, if ever, writes his own affidavit; hence testimony thus taken is liable to great abuse. At best it is. calculated to elicit only such a partial statement of the truth as may have the effect of entire falsehood. The person who prepares the witness and examines him can generally have just as much or so little of the truth, or such a version of it, as will suit his case." And, we may add, when mere *opinions* are solicited, with no danger of their being tested by cross-examination, and the favor of the witness is strong to start with, such evidence—if it can be called evidence—must be regarded as grossly unreliable. Moreover, as said by the Supreme Court of New Hampshire: "It is much more safe to rely upon the judgment of an impartial committee than upon the opinion of witnesses selected by the parties. Witnesses often take sides with the parties who summon them, and when that is the

case, however honest and respectable they may be, very little reliance can be placed upon their testimony when called to state a mere matter of opinion."—*Morrill v. Morrill*, 5 N. H. 329.

These affidavits, 24 in number, were typewritten, and evidently prepared in advance of their signature. Indeed, the chancellor in his opinion finds that they are in the main carbon copies of one or two originals, and their perfect verbal correspondence bears out his conclusion. We have examined them with care, and in view of the character and probative force of the commissioners' report, we are not at all satisfied that the partition made by them was unfair or unjust, and we do not feel authorized to set it aside.

Let the decree of the chancellor be affirmed.

Affirmed.

ANDERSON, McCLELLAN, SAYRE, and DE GRAFFENRIED, JJ., concur.