THOMAS B. HALL & another, trustees, *vs.* WILLIAM P. HALL & others.

Suffolk. March 17. — Oct. 22, 1885. GARDNER, J., absent.

Land was devised to trustees in trust to pay two thirds of the net income to a daughter of the testator during her life, and the other third thereof to another daughter during her life; on the death of either daughter, to pay "to the child or children" of such daughter the share "their mother" would be entitled to if living; in case of the death of a daughter leaving no "issue" then living, to pay the whole net income to the surviving daughter; and, at the decease of the surviving daughter, to convey the land with all accumulation of income then unexpended "to the issue or children of my said two daughters who may then be living, to be equally divided among all such issue or children, share and share alike, to them and their respective heirs and assigns in fee simple." At the death of the last surviving daughter, there were living two children of hers, and three children of the other daughter, two having previously died leaving issue. *Held,* that the words "issue or children" did not mean "child or children," but included the children of the two daughters then living, and the issue of the deceased children by right of representation.

BILL IN EQUITY, by the trustees under the will of Thomas Bartlett, to obtain the instructions of the court as to the construction of said will. The case, as it appeared from the bill and answers, upon which it was reserved by *Field,* J., for the consideration of the full court, was as follows :

Thomas Bartlett died on December 10, 1856. His will, which was duly admitted to probate, contained, among others, the following provisions :

" 5. Item, I do give, devise, and bequeath my estates on Washington Street and Devonshire Street in said Boston, with all the rights, privileges, and appurtenances therewith ever used, or in any way thereto belonging, to my said daughter Maria Hall, to my son-in-law Jonathan Dwight, and to my grandson Thomas Bartlett Hall, to them their heirs and assigns forever, but in trust to and for the trusts, uses, and purposes hereinafter expressed and declared, and none other.

" In trust, after defraying and paying all necessary repairs, taxes, insurance, and other necessary charges, to permit my said daughter Maria Hall to take and receive, to her own use and her separate use, two thirds of all the net rents, issues, and income,

free from the debts, control, or interference of any husband or husbands she may in future have, for and during the full term of her natural life; and in like manner to permit my other daughter, Ann Dwight, to take and receive, to her own separate use, the other one third part of all the net rents, issues, and incomes of the estates aforesaid, for and during the full term of said Ann's natural life, free from the control, interference, or the debts of her present husband, Jonathan Dwight, Esquire, or any future husband or husbands she may have; and, upon the decease of either of my said daughters, then further

" In trust to pay over equally to the child or children of such deceased daughter, the same share of the said rents, profits, and incomes, their mother, if living, would have been entitled to receive by the provision aforesaid, during the lifetime of my surviving daughter, but in case such daughter who shall first decease leave no issue then living, then the whole of said rents, issues, and income of the estates aforesaid are to be paid to or be received by my daughter who may survive, during her lifetime; and

" In trust lastly, at the decease of the said surviving daughter, to grant, surrender, and convey the estates aforesaid, with all accumulation or income then unexpended, to the issue or children of my said two daughters, Maria Hall and Ann Dwight, who may then be living, to be equally divided among all such issue or children share and share alike, to them and their respective heirs and assigns forever in fee simple.

" 6. Item, two thirds of all the residue and remainder of my estate real, personal, and mixed, of what kind, name, or quality soever, or wherever to be found, I give, devise, and bequeath to my said daughter Maria Hall to her and her heirs forever, without reserve, limitation, or restriction, and the other one third part of the said rest, residue, and remainder of my said estate I in like manner give, devise, and bequeath to my other daughter, Ann Dwight, to her and her heirs forever, without limitation, reservation, or restriction.

" The difference made in the provision for my two daughters arises not in any difference in my affection towards them who are equally dear to me, but wholly in consequence of the state of their respective families."

On August 14, 1873, Maria Hall died; and on August 28, 1884, Ann Dwight died. Maria Hall had five children, three of whom were living at the death of Ann Dwight. The other two children of Maria Hall were Joseph A. Hall and Annie B. Parker, both of whom died before Ann Dwight. Joseph A. Hall left two daughters, one of whom, Annie B. Simmons, is living; the other died before Ann Dwight, leaving seven children, all of whom are living. Annie B. Parker died before Ann Dwight, leaving three children.

Ann Dwight left two children, both of whom are living.

The questions presented were as to the persons entitled to the trust property, and to the proportions in which they should take: whether it should be divided among the five children of Ann and Maria; whether the children of Annie B. Parker are entitled by representation to the share of the property to which their mother would have been entitled if living at the death of Ann; whether the surviving child of Joseph A. Hall is entitled to one half of the share to which her father would have been entitled if living at the death of Ann, and the children of his deceased daughter to the other half; or whether the property should be conveyed, in equal shares, *per capita*, to all the children or issue of Maria Hall and Ann Dwight living at the death of Ann.

*H. C. Merwin*, for the children of Maria Hall.

*L. W. Howes & C. M. Hemenway*, for the children of Ann Dwight.

*B. F. Brooks & H. G. Nichols*, for the other defendants.

HOLMES, J. The trustees under the will of Thomas Bartlett ask the instruction of the court to whom, and in what proportions, they shall convey, in pursuance of the following clause:

" In trust lastly, at the decease of the said surviving daughter, to grant, surrender, and convey the estates aforesaid, with all accumulation or income then unexpended, to the issue or children of my said two daughters, Maria Hall and Ann Dwight, who may then be living, to be equally divided among all such issue or children share and share alike, to them and their respective heirs and assigns forever in fee simple."

As a first step toward the interpretation of this language, it is proper to state that, in the opinion of a majority of the court,

" issue or children " cannot be read as meaning either " issue or in other words children," or " child or children ; " but that the words " issue or " must be taken to have been intended to add something to the substantial meaning of the clause, and to enlarge the scope of the limitation.    See Pub. Sts. *c.* 3, § 3, *cl.* 11. If there had been no children, but only grandchildren of the testator's daughters, it would have been hard to persuade any court that there was an intestacy, so far as this clause was concerned ; yet that would be the result of the interpretations proposed. And, as to the latter of the two (" child or children "), we may add that the immediately preceding words, " equally to be divided among all such " (issue or children), imply that " issue " may embrace more than one person.

If, then, the word " issue " enlarges the scope of the limitation, the question arises whether we can avoid the conclusion that all issue, of whatever degree, are to take equal shares, — a conclusion repudiated by all the arguments addressed to us.    See *Cancellor* v. *Cancellor*, 2 Dr. & Sm. 194.    We agree that the greater reasonableness of a different disposition, or a consideration of what it is likely, on general principles, that a testator would have wished, cannot be allowed to change the interpretation of the words used, if the meaning is plain apart from such considerations.    But we have reached the opinion, although not without hesitation and doubt, that a meaning more likely to meet what the testator would have desired than either of those above suggested can be extracted from the words themselves.

We take the disjunctive " or," in the phrase " issue or children," to signify that issue take only in the alternative that a child, the parent of such issue, is not living.    And if issue more remote than children are only to take in place of children, their respective parents, and not along with them in equal shares, then, in the absence of anything further, such issue will naturally take the share of the parent that they replace.    We should at least expect to find a substitution, and not that the death of a child of one of the testator's daughters, leaving children, should diminish the share of other children, possibly of the other daughter.    And this result is reached, if we regard the children of daughters as the units for the equal division " share and share alike," as we well may in view of our opinion, already stated,

that issue only come in by way of substitution for children. It is true that the property is to be equally divided among "all such issue," &c. But this does not necessarily mean that each of such issue shall have an equal share with every other, or with a child. It is satisfied if all such issue share in a division which is equal as between the living children and the issue of deceased children taking *per stirpes*. Our opinion derives some support from *Horsepool* v. *Watson*, 3 Ves. 383. Perhaps the turn of the language may be explained by noticing that, while either of the testator's daughters was living, the collective children of a deceased daughter did not take an equal share in the income with the surviving daughter, and that it was intended to mark the change in the proportions when the last daughter died.

It is not disputed that, if the principle of representation applies, it applies equally when the issue are of a remoter generation than great-grandchildren of the testator.

*Decree accordingly.*