JAMES S. RUSSELL & others *vs.* E. SOHIER WELCH, trustee.

Suffolk.   December 10, 1920. — January 7, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Devise and Legacy,* Distribution *"per capita"* or *"per stirpes." Words, " Per capita."*

A testatrix by her will provided that, at the death of her husband, a certain portion of a trust fund should be given "to and equally *per capita* among the children now living of my brother Henry, deceased, and my sisters Elizabeth, Marian and Sarah, and the children of my sister Annie (deceased) or such one or more of them as may be living at the decease of my said husband, provided that in case any one or more of my said sisters or any one or more of the children of my said brother Henry or any one or more of the children of my said sister Annie shall die before my said husband and leave a child or children surviving the parent, then such child or children shall take the share that would have gone to the parent, and the children if more than one shall take in equal shares what their parent would have had if living; — with cross remainders between said families should any of them be extinct at my decease." The words "*per capita*" were interlined in the will in ink, and so noted in the witness clause.   At the time when the will was made there were living five children of Henry and three children of Annie, all of whom were living at the death of the husband of the testatrix excepting one son of Henry, who was survived by a son.   Before the death of the husband, Elizabeth died leaving two children, and Marian died unmarried and childless.   Sarah with two children was living at his death. *Held,* that distribution of the fund should be by tenths, Sarah, and each child of Henry and his grandchild and each child of Annie to take one tenth each, and the children of Elizabeth to take one twentieth each.

BILL IN EQUITY, filed in the Probate Court on April 9, 1920, by the trustee under the will of Emily R. Peirson, late of Boston, for instructions as to how distribution of the trust fund should be made among the testator's surviving sister and the children of a deceased brother and sisters.

In the Probate Court the suit was heard by *Grant,* J., a guardian *ad litem* of Henry Sturgis Russell, a minor son of Henry Sturgis Russell, deceased brother of the testatrix, having been appointed. Material facts are described in the opinion.   By order of the judge, a decree was entered that distribution should be made entirely

*per stirpes*. Three of the children of Henry Sturgis Russell, the brother of the testatrix, appealed and, at their request, the judge reported the suit to this court for determination.

*L. Bryant*, for the plaintiffs.

*J. F. Flaherty*, guardian *ad litem*, *pro se*.

Rugg, C. J. This is a petition for the distribution of a trust estate. Emily R. Peirson by clause Third of her will set apart $250,000 as a trust of which her husband, Charles L. Peirson, was to have the income during his life. At his decease two legacies for specified amounts were to be paid out of the principal of the trust. The rest of the clause, with which alone we are concerned, is in these words: "Out of what may remain of the trust fund after the payment of said legacies to my nephews, I give One hundred and fifty thousand dollars (or so much of said sum as the residue of said trust fund may suffice to pay) to and equally per capita among the children now living of my brother Henry Sturgis Russell, deceased, and my sisters Elizabeth Russell Lyman, Marian Russell and Sarah Russell Ames, and the children of my sister Annie Russell Agassiz (deceased), or such one or more of them as may be living at the decease of my said husband, provided that in case any one or more of my said sisters or any one or more of the children of my said brother Henry or any one or more of the children of my said sister Annie shall die before my said husband and leave a child or children surviving the parent, then such child or children shall take the share that would have gone to the parent, and the children if more than one shall take in equal shares what their parent would have had if living, — with cross remainders between said families should any of them be extinct at my decease." Her husband survived the testatrix and has now deceased. At the date of the making of the will there were next of kin of the testatrix living as follows: Five children of her deceased brother, Henry Sturgis Russell; her sister, Elizabeth Russell Lyman, who at that time had two children living; her sister, Marian Russell, her sister, Sarah Russell Ames, who at that time had two children living; three children of her sister, Annie Russell Agassiz, then deceased.

The sister Marian Russell died unmarried and childless, on July 19, 1919, prior to Charles L. Peirson. The sister Elizabeth Russell Lyman died on November 17, 1911, leaving two children,

who still survive. The sister Sarah Russell Ames is still living and has two living children.

The decisive testamentary words are those directing the distribution "to and equally *per capita* among" persons thereafter described or named. If we stop here, the intention is clearly expressed that the beneficiaries are to take *per capita* and not otherwise. The words used are not susceptible standing by themselves of any other interpretation. That this was the deliberate purpose of the testatrix is reinforced by the circumstance that the words "*per capita* " were interlined in ink and so noted in the witness clause. The word "among" as a preposition, in conjunction with the words "equally *per capita*," has manifest grammatical reference as objects both to the children of the deceased brother, who immediately are mentioned and to the children of the deceased sister designated after the three sisters are named.

As matter of construction of language, it is more natural to say that the three sisters named between these two groups of children also are objects of the same preposition "among." That being so, the words "equally *per capita* " are carried along with the word "among" as uniformly applicable to all its grammatical objects. The words following in the clause do not name specifically all the legatees. Two classes are described in groups as "the children," in one instance, "now living" of a deceased brother, and, in the other instance as "the children of my sister . . . (deceased)." This designation in such context is not an indication of desire for a distribution *per stirpes*, but the mention of the name of the father and of the mother in each instance is by way of pointing out the persons who were to take *per capita* as previously stated. *Weston* v. *Foster*, 7 Met. 297, 300. The succeeding phrase, viz., "or such one or more of them as may be living at the decease of my said husband," and its proviso "that in case any one or more of my said sisters or any one or more of the children of my said brother . . . or any one or more of the children of my said sister," each bear strong indication of a distributive design affecting equally each one of those included within the general description preceding. That phrase is more consonant with the thought that the words "equally *per capita* among" had separated each one of the children, described under the two groups by reference to their parent kindred to the testa-

trix, into an outstanding personality on the same footing with each one of the beneficiaries actually named, than with any other. The final clause of the portion of the will above quoted, viz., "with cross remainders between said families should any of them be extinct at my decease," by itself bears an indication of a *per stirpes* grouping. The condition to which those words refer never arose and their force is not enough to overcome the opposite purpose expressed by the words "equally *per capita* among."

The effect of this construction is to give a preference to the children of the deceased brother and of the deceased sister over living sisters and the children of the sister living at the death of the testator but deceased before the time for distribution. It would have been simple to phrase the will so as to create a *per stirpes* distribution of the trust estate if that had been desired. The failure to do that and the adoption of words expressive of a different purpose require in our opinion the result that the distribution should be equally between the living children of the deceased brother and sisters and the surviving sisters *per capita* and not *per stirpes*. So far as concerns authority the case at bar is similar to *Leslie* v. *Wilder*, 228 Mass. 343, and requires the same kind of decision.

The decree of the Probate Court must be reversed. The fund should be divided into tenths, the share which would have gone to Elizabeth R. Lyman, had she survived the husband of the testatrix, to be divided in moieties between her sons, all as set forth in the petition. Costs as between solicitor and client are to be awarded out of the fund to the attorneys for the appellants and reasonable allowance made to the guardian *ad litem*, all to be fixed by the Probate Court.

*So ordered.*