FRANK E. DICKERMAN, trustee, *vs.* MARION K. McGREGOR & others.

Suffolk.    February 2, 1932. — March 3, 1932.

Present: RUGG, C.J., WAIT, SANDERSON, & FIELD, JJ.

*Trust,* Construction of instrument creating trust. *Devise and Legacy,* Time of vesting.

A will gave the residue of the testator's estate in trust to pay the income to his widow for life and upon her death to his sisters and a brother equally during their lives. Upon the death of any of the sisters or the brother, her or his share of the income was to be divided equally among the children of a named sister; and, "upon the death of all my . . . sisters and my . . . brother . . . all of said estate and property on which income has been received by them or either of them" was given and devised "to the children then living" of the said sister. A trustee was appointed to hold the residue "until the purposes above mentioned are all accomplished." The said sister died before the testator, leaving three children who were living in 1906 when the last survivor of the testator's sisters and brother died. The testator's widow died in 1931, before which time two of the children of the testator's sister had died. Upon a petition for instructions by the trustee, it was *held,* that

(1) The phrase in the will, "on which income has been received by them" was not a controlling direction in the distribution of the principal;

(2) The remainder became vested in the three children of the testator's sister at the time of the death of the last survivor of his sisters and brother in 1906;

(3) The principal of the trust should be divided equally among the surviving child of the sister and the representatives of her two deceased children.

PETITION for instructions, filed in the Probate Court for the county of Suffolk on April 15, 1931, and afterwards amended, by the trustee under the will of Wilson J. Dodge, late of Boston.

The petition was heard by *Dolan,* J. Material portions of the will, and a decree entered by order of the judge, are described in the opinion. Certain respondents appealed.

*W. E. Rowell,* (*W. C. Tomlinson* with him,) for Selden, executor, and another.

*R. C. Pingree,* for Marion K. McGregor.

SANDERSON, J. This is a bill brought by the trustee under the will of Wilson J. Dodge for instructions as to the proper distribution of the estate given under the sixth clause of his will, which is in the following terms: "Sixth: I give and bequeath all the use interest and income of all the rest residue and remainder of my estate and property real and personal not hereinbefore disposed of to my beloved wife Abbie F. Dodge so long as she lives, and upon her decease then I give and direct all such use income and interest to, and to be paid over to my said sisters and brother then living during their lives sharing equally and alike therein; but upon the death of either or any of my said sisters or brother the share of such interest and income which would have gone and been paid to such deceased brother or sisters shall not go to the survivors of them, but shall go to and be divided equally between the children of my sister Sarah Adelaide Kidder and upon the death of all my said sisters and my said brother I give and devise all said estate and property on which income has been received by them or either of them to the children then living of my said sister Sarah Adelaide Kidder sharing

equally and alike therein to have and to hold the same to them and their heirs forever and for the purposes of carrying out the above provisions and trusts contained in this clause I appoint and constitute my brother George E. P. Dodge trustee who shall take and hold all said rest residue and remainder until the purposes above mentioned are all accomplished and I request that he shall not be required to furnish any bond as such trustee."

When the will was executed in 1881 three sisters and a brother of the testator were living. At the time of his death in 1899 one of these sisters, Mrs. Kidder, had died leaving three children, Mabel A. Kidder, whose married name was Selden, James Harry Kidder, and Marion E. Kidder, whose married name is McGregor, all of whom, according to allegations in an amended petition, were born before the date of the will. On June 14, 1906, the last survivor of the testator's sisters and brother died, and at this time all three children of Mrs. Kidder were living. Abbie F. Dodge, the widow of the testator, to whom the first life estate was given, died February 13, 1931. In the interval between June 14, 1906, and February 13, 1931, two of Mrs. Kidder's children died. James Harry Kidder died testate February 5, 1926, the respondent, Old Colony Trust Company, being executor of his will; and Mabel K. Selden died March 1, 1929, testate, and the respondent, James K. Selden, became executor of her will. Marion K. McGregor is the only child of Mrs. Kidder who survived the testator's widow. By the decree of the Probate Court the trustee was ordered to distribute the trust estate and accumulations thereon, after payment of proper charges and expenses and any succession tax thereon, to the respondent, Marion K. McGregor. From this decree the executors to whom reference has been made appealed. The appellants contend that the three children of Mrs. Kidder had vested interests in the trust estate and the executor of each child is entitled to share equally with Mrs. McGregor in the distribution of the trust property.

The question to be decided is primarily one of testamentary intention. The expression in the sixth clause of

the will, "on which income has been received by them or either of them," does not seem to have been intended to be a controlling direction in the will. If it were so considered an intestacy would result, because none of the testator's sisters or brother received any income from the property. It is apparent, however, that the testator intended to make a complete disposition of his property, using the expression quoted not as a determining factor to control the disposition of the property but rather as a mere recital of what would have occurred if any brother or sister had survived his widow. The testator seems to have had three main purposes in mind in establishing a trust, (1) to have the income of the fund paid to his wife for her life; (2) at her death to have his surviving sisters and brother share it equally; and (3) in case of the death of a sister or brother who had been receiving income from the fund the share of income he or she would have received is to be divided equally among the children of his sister, Mrs. Kidder. After making these provisions covering the income of the trust fund he made provision for the division of the principal by stating the event upon which and the persons among whom it should be divided. He might have said that those who were to share in the principal were to be ascertained at the termination of the trust or at the death of the last survivor of the group made up of his wife, his sisters and his brother, but instead of so doing he specifically made the event upon which those who were to share in the principal to be "upon the death of all my said sisters and my said brother" and provided that those who should share in the estate were "the children then living of my said sister Sarah Adelaide Kidder sharing equally and alike therein to have and to hold the same to them and their heirs forever." The phraseology of the will would seem to indicate that the testator believed that his wife would not survive all his sisters and brother and that the event upon which the purposes of the trust would be accomplished would be the death of all his sisters and brother, but he did not intend that the trust should end at their death if his wife was still alive to receive the income, and he provided

at the end of the sixth article of the will that the trust should continue until all the purposes expressed had been accomplished.

To adopt the contention made in behalf of Mrs. McGregor that the children of Mrs. Kidder who are to take are to be determined at the death of the widow would require us to read into the will clauses which are not there and which are not required to carry out the testator's apparent purpose. We are of opinion that the intention of the testator that all the children of Mrs. Kidder who might be alive upon the death of all the testator's sisters and brother should share equally in the property is too clearly expressed to be overcome by the argument that the scheme of the will shows that only those should take who were alive at the time of distribution.

In our opinion the estate became vested in the three children of Mrs. Kidder living on June 14, 1906, when the last survivor of the testator's sisters and brother died.

The decree is to be modified by striking out the words "to the respondent Marion E. Kidder McGregor" and inserting in their place the words "to the respondents, Marion Kidder McGregor, James K. Selden, executor of the will of Mabel K. Selden, and the Old Colony Trust Company, executor of the will of James Harry Kidder, to be divided equally among them"; and as so modified it is affirmed.

*Ordered accordingly.*