AGRICULTURAL NATIONAL BANK OF PITTSFIELD, executor,
*vs.* DONALD MILLER & others.

Berkshire.    September 21, 1943. — June 1, 1944.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, RONAN, WILKINS, &
SPALDING, JJ.

*Devise and Legacy,* To individuals or class, Per capita.    *Words,* "In
equal shares."

Upon construction of an entire will in the light of circumstances at the
time of its execution known to the testator, who was survived by three
children, three children of one child, two children of a second child,
and no child of the third child, the executor, under a clause bequeath-
ing the residue of the estate "in equal shares to my children [naming
the three] and to my grandchildren," was instructed that the grand-
children should receive one fourth of the residue in equal shares and
should not take per capita with the children, each of whom should
receive one fourth.

PETITION, filed in the Probate Court for the county of
Berkshire on November 27, 1942.

The case was heard by *Hanlon,* J.   The guardians ad
litem appealed only from the instructions given by the
court, as described in the opinion, respecting the residuary
clause of the will.

The case was argued at the bar in September, 1943, be-
fore *Field,* C.J., *Donahue, Dolan,* & *Ronan,* JJ., and after
the retirement of *Donahue & Cox,* JJ., was submitted on
briefs to *Lummus, Qua, Wilkins,* & *Spalding,* JJ.

*J. F. Noxon,* for the respondents Miller and others on
their motions to dismiss the appeals.

*L. S. Cain,* for the appellants on the motions to dismiss
the appeals.

*J. M. Rosenthal,* stated the case on the merits.

*R. A. Lewis,* for the guardians ad litem, appellants on
the merits.

*J. F. Noxon & M. L. Eisner,* for the respondents Miller
and others, submitted a brief on the merits.

DOLAN, J.   This is an appeal from a decree entered in the Probate Court upon the petition of the executor of the will of Kelton B. Miller, late of Pittsfield, deceased, for instructions as to its duties in connection with a legacy given by clause 7 of the will, and with respect to the proper distribution of the estate comprised in a gift of the residue thereof.   The appellants are the guardian ad litem appointed to represent Margo Miller, Kelton Miller, 2d, Kelton Miller Burbank and John Burbank, Jr., minors, and the guardian ad litem appointed to represent Michael G. Miller, a minor. All these minors are grandchildren of the testator.   The evidence, consisting solely of the testimony of Lawrence K. Miller, one of the testator's sons, is reported.

Material facts alleged in the petition and admitted to be true and those disclosed by the evidence may be summarized as follows:   The testator died December 2, 1941, being then in his eighty-second year.   He was survived by two sons, Donald and Lawrence, and by a daughter, Evelyn Miller Burbank, and by all of the grandchildren before mentioned except Michael, the son of Lawrence, who was born on May 9, 1942, that is, about five months after the testator's death. His testamentary dispositions, consisting of a will and one codicil, were duly proved and allowed as his last will on December 11, 1941.   The will is dated December 17, 1937, the codicil March 30, 1938.   The seventh clause of the will provided as follows:   "I give and bequeath the sum of five thousand dollars to each of my grandchildren who shall be living at the time of my decease."   The will contained many bequests to religious and charitable institutions, and a legacy of $30,000 in trust to pay the income to his sister Ida M. Miller for life, and upon her death to pay the trust fund with its accumulations in equal shares to those of his children, Donald, Lawrence and Evelyn, who should be living at her death.   In the event that his sister Ida predeceased him, he bequeathed that sum of $30,000 to those of his children just named who should be living at the death of his sister.   He also bequeathed $5,000 to his sister (Ida), providing that, if she predeceased him, the legacy should not lapse but should be paid to her personal representatives.

Whether she survived him does not appear. He devised to his granddaughter Margo Miller a parcel of real estate at 56 Thomson Place, and to his grandson Kelton Miller Burbank a parcel of real estate at 52 Thomson Place. The value of those parcels does not appear in the record. He devised and bequeathed the residue of his estate as follows: ". . . in equal shares to my children, Donald B. Miller, Lawrence K. Miller and Evelyn Miller Burbank and to my grandchildren." The grandchildren Margo, Kelton, and Michael Miller are the children of the testator's son Lawrence. The grandchildren Kelton Miller Burbank and John Burbank, Jr., are the children of the testator's daughter Evelyn. The testator's son Donald is unmarried. The eldest of the grandchildren is now about ten years of age. The evidence discloses that the testator's sons had been engaged in the business of the Eagle Publishing Company, forty-nine shares of the stock having been acquired by Lawrence, and forty-nine shares by Donald. Ninety-three shares in all had been given to them by the testator. Five shares they had purchased from their sister Evelyn. At the time of his death the testator was the owner of two shares. The value of these shares of stock does not appear. At Christmas the testator usually made gifts of $300 (by check) to his children. It appears from the docket entries which are before us that the total estate of the testator was appraised in the executor's inventory thus: "Per. Est. $409,014.03 Real Est. $750.00." The request of the petitioner for instructions as to the bequest made by the testator of $5,000 to each of his grandchildren who should be living at the time of his decease was occasioned by its doubt as to whether Michael, who was born about five months after the testator's death, was entitled to take. The judge decreed that the petitioner be instructed that Michael was "to be included" as one of the grandchildren of the testator "living at his death."[1] With respect to the proper distribution of the residuary estate of the testator the judge decreed that the petitioner be instructed that it should be distributed one fourth to Donald

---

[1] There was no appeal from this portion of the decree. — REPORTER.

B. Miller, one fourth to Lawrence K. Miller, one fourth to Evelyn Miller Burbank, and one twentieth each to Margo Miller, Kelton Miller, 2d, Michael G. Miller, Kelton Miller Burbank and John Burbank, Jr.

Each of the guardians ad litem appealed from the decree as guardian ad litem in his own name "for" the minors or minor respectively whom he had been appointed to represent, naming them and signing the appeal thus: "RUDOLPH A. LEWIS  Guardian ad litem for Margo Miller, Kelton Miller, 2nd, Kelton Miller Burbank, and John Burbank, Jr." — "WILLIAM F. HENDERSON Guardian ad litem for Michael G. Miller." Motions have been filed in this court by the children of the testator to dismiss these appeals on the ground that the guardians ad litem are not persons aggrieved within the meaning of G. L. (Ter. Ed.) c. 215, § 9, relying upon *Madden* v. *Madden*, 279 Mass. 417, where an appeal was claimed by one as "guardian" of an insane person. Without passing upon this technical question, since the result will be the same, we treat the case as rightly before us and deal with it on the merits.

The cardinal rule in the interpretation of wills is that the intention of the testator is to be ascertained from a study of the will as a whole in the light of the circumstances known to the testator at the time of its execution, that when so ascertained it shall be given effect unless some positive rule of law forbids, and that "ordinary canons for the interpretation of wills, having been established only as aids for determining testamentary intent, are to be followed only so far as they accomplish that purpose, and not when the result would be to defeat it." *Ware* v. *Minot*, 202 Mass. 512, 516. *Fitts* v. *Powell*, 307 Mass. 449, 454. *Mills* v. *Blakelin*, 307 Mass. 542, 544. *Robertson* v. *Robertson*, 313 Mass. 520, 523–524. Rules of construction must be distinguished from fundamental positive rules of law. See *Frost* v. *Hunter*, 312 Mass. 16, 20–21. Aided by these guides, a study of the will and such of the circumstances before referred to as are disclosed by the instrument itself and the oral evidence presented in the court below, we are of opinion that it was not the intention of the testator that his grandchildren should

take his residuary estate per capita with his children, but that he intended that they should take as a class one fourth thereof in equal shares as decreed by the judge.

There is to be found in the provisions establishing the trust fund for the sister of the testator evidence that his children were those with whose interests he was most concerned. In providing for the disposition of the fund upon the death of his sister, he directed that the fund should be distributed in equal shares to those of his three children who should be living at her death. By the devises to two of his grandchildren, Margo Miller and Kelton Miller Burbank, he preferred them to that extent over his other grandchildren who were living at the time of his death. In the disposition during his lifetime of the bulk of his shares of stock in the Eagle Publishing Company by gift to his two sons, he preferred them to that extent. It may be argued that he had that in mind when disposing of his residuary estate. But there is no evidence of their value, and his knowledge of the gifts cannot properly be said to have influenced him in the disposition of the very large residuary estate because there is nothing to show an intention to treat his daughter other than equally with his sons in that disposition, — his daughter who so far as appears was not the recipient of any substantial gifts from the testator in his lifetime. A canon of interpretation that serves to give effect to what we think was the intention of the testator rather than to defeat it and hence may be used to give it effect is that a construction that admits children to compete with their parents is "to be avoided unless such plainly was the testator's intention." *Manning* v. *Manning*, 229 Mass. 527, 529–530. *Ernst* v. *Rivers*, 233 Mass. 9, 14, and cases cited. In the instant case, to hold that it was the intention of the testator that his grandchildren should share his residuary estate per capita with his own children, his sole heirs at law, as was said in the *Manning* case, "would involve some surprising discriminations in individuals and families" (page 529). In the present case, under such a construction the son Lawrence would receive one eighth of the residuary estate while his children would receive three

eighths and thus one half of the residue of the estate would go to Lawrence and his children. The testator's daughter Evelyn would receive one eighth of the residuary estate, her two children in all two eighths or one quarter. Thus three eighths of the residue would be shared by Evelyn and her children, while Donald, who is unmarried and always lived with the testator until the death of the latter, would receive but one eighth of the residuary estate although it appears from the gifts of stock made to him and Lawrence, from the terms of the $30,000 trust fund, and from the fact that in the testator's lifetime Donald and Lawrence shared equal positions of responsibility in the company of which the testator had been president and treasurer, that he held them both in equal regard. Such an inequitable result as that contended for by the appellants is not to be inferred in the circumstances to which we have already referred. *Manning* v. *Manning*, 229 Mass. 527. *Russell* v. *Welch*, 237 Mass. 261, 263, is distinguishable. There in providing for distribution the direction was express that it be made per capita. In *Leslie* v. *Wilder*, 228 Mass. 343, relied upon by the appellants, there was no blood relationship between the testatrix and the legatees, and in *Boston Safe Deposit & Trust Co.* v. *Doolan*, 307 Mass. 233, the ultimate distributees were two charities and two grandnieces, not children of the testatrix, and there was no question of competition between children and their parents. The canon of interpretation given effect in the cases just cited, to the effect that it is the general rule that where bequests are made to one or more named persons, and to the children of another or others, the persons entitled will take per capita in the absence of anything to show a contrary intent, was properly applied in the circumstances of those cases. It is, however, but a canon of interpretation, not a positive rule of law. It must bend to the cardinal rule that the intention of the testator must prevail unless forbidden by positive rule of law. *Boston Safe Deposit & Trust Co.* v. *Park*, 307 Mass. 255, 259. In proper circumstances the words "in equal shares" may not be interpreted as requiring a per capita distribution. See *Hall* v. *Hall*, 140 Mass. 267; *Coates* v.

*Burton,* 191 Mass. 180, 182; *Allen* v. *Boardman,* 193 Mass. 284, and cases cited; *Thompson* v. *Thornton,* 197 Mass. 273, 277. The present case is not one of a bequest and devise to persons in the same degree of kindred. See *Gleason* v. *Hastings,* 278 Mass. 409, 413.

A study of the will before us in the light of the circumstances known to the testator at the time of its execution persuades us that it was his intention that his grandchildren should take one fourth of the residue of his estate in equal shares, and not that they should take equally per capita with his three named children. See *Coates* v. *Burton,* 191 Mass. 180, 182.

*Decree affirmed.*