B. M. C. DURFEE TRUST COMPANY, trustee, *vs.* PHILIP P. BORDEN & others.

Bristol.    October 27, 1952. — November 25, 1952.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Devise and Legacy,* Issue, Per stirpes or per capita.    *Words,* "Issue."

Under a will providing that upon the death of the survivor of life bene-
ficiaries of a trust, the trust property should go to the then living
"issue of" three named nephews of the testator "share and share
alike," distribution should be made in five parts per capita to five
children of the nephews living at the time for distribution, not in
three parts to such children per stirpes and not in eight parts per
capita to such children and three then living children of theirs.

PETITION for instructions, filed in the Probate Court for
the county of Bristol on April 5, 1951.

The case was heard by *Considine,* J.

*Milton A. Westgate,* stated the case.

*William S. Downey,* guardian ad litem, pro se.

*Richard K. Hawes,* (*Richard K. Hawes, Jr.,* with him,)
for Philip P. Borden and another.

*Ray C. Westgate,* (*Harold S. R. Buffinton* with him,) for
Hildreth Crapo and others.

WILKINS, J.    The will of Philip D. Borden in its residu-
ary clause created a trust for the benefit of his wife and
daughter, and directed that upon their deaths without issue
the trust property "shall be paid over to the issue of my
nephews, James Edgar Borden, Frank H. Borden, and
Sydney F. Borden, living at the time of the death of the
last survivor of my said wife and my said daughter or at
the time of my death in case I shall survive both of them,
share and share alike."[1]    The testator died in 1936.    His

---

[1] A more complete statement of the material part of the residuary clause
is: "Upon the death of my said wife and of my said daughter, the latter
leaving issue, I direct that any unexpended balance of said trust estate be
paid over to such issue discharged of all trust.    In case of the death of both

wife died in 1937, and his daughter in 1951, both without issue. At the daughter's death, which became the time for distribution, all three nephews were dead, two having predeceased the testator. There were then living Hildreth Crapo, Marjorie Brown, and Donald D. Borden, children of Frank H. Borden; Philip P. Borden, child of James Edgar Borden; and Freeman S. Borden, child of Sydney F. Borden. In the next generation there were living Donald B. Brown, child of Marjorie Brown; and Joanne Borden and Bradford P. Borden, children of Philip P. Borden.

The question raised by this petition for instructions by the trustee is whether the distribution should be in five parts, as was decreed in the court below, to the five children of the nephews per capita; or in three parts to the children of the three nephews per stirpes; or, treating the children and grandchildren of the nephews on an equal footing, in eight parts per capita to the five children and the three grandchildren.

When the will was executed in 1922, the three nephews were living, and so were the five children of the nephews to whom distribution has been decreed, as well as a daughter of J. Edgar Borden, who predeceased the testator leaving no issue. The three grandchildren were born after the will was executed.

It seems clear that there should not be a division in three parts among the issue of the nephews per stirpes. There are no words indicating such an intent. Indeed, the testator's language shows the contrary. The nephews themselves were not made beneficiaries. The bequest was to their issue "share and share alike." The word "living" modifies "issue," not "nephews." The issue living at the daughter's death would not share equally should the distri-

---

my said wife and my said daughter leaving no issue before my death or before this trust is terminated by payment as herein provided, I direct that said rest and residue of my estate or any balance thereof remaining in the hands of the trustee shall be paid over to the issue of my nephews, James Edgar Borden, Frank H. Borden, and Sydney F. Borden, living at the time of the death of the last survivor of my said wife and my said daughter or at the time of my death in case I shall survive both of them, share and share alike."

bution be made one third to each set of children of the nephews. Language calling for a per stirpes division would not have been difficult to find. This case in this aspect is within the authority of *Cammann* v. *Abbe,* 258 Mass. 427, 429, and *Gleason* v. *Hastings,* 278 Mass. 409, 413. See *Hall* v. *Hall,* 140 Mass. 267, 271. The describing of the nephews by name does not lead to a different result. See *Leslie* v. *Wilder,* 228 Mass. 343, 345; *Russell* v. *Welch,* 237 Mass. 261, 263. The language of *Jackson* v. *Jackson,* 153 Mass. 374, 377–378, is not contrary to our holding.

It seems equally clear that the three grandchildren should not take along with their parents and the other children of the nephews. "The word 'issue,' in the absence of any indication to the contrary, . . . refers to lineal descendants of the ancestor who would be entitled, at the death of such ancestor, to take his property under the law of intestate succession, and, in conformity to this principle, grandchildren of the ancestor and their descendants 'will not be allowed to compete with their parents unless such was the intention of the testator.' *Ernst* v. *Rivers,* 233 Mass. 9, 14." *Boston Safe Deposit & Trust Co.* v. *Park,* 307 Mass. 255, 264. *Manning* v. *Manning,* 229 Mass. 527, 529. *Agricultural National Bank* v. *Miller,* 316 Mass. 288, 292. No such intention here appears. The decree appealed from was right.

Costs and expenses of appeal are to be in the discretion of the Probate Court.

*Decree affirmed.*