FRANCIS C. WELCH & another, trustees, *vs.* HANNAH E. PHINNEY & others.

Suffolk.    May 5, 1958. — May 19, 1958.

Present: WILKINS, C.J., RONAN, WILLIAMS, WHITTEMORE, & CUTTER, JJ.

*Devise and Legacy,* Gift to "issue" "per capita." *Words,* "Issue," "Per capita."

Under a will providing that upon the decease of the last survivor of the income beneficiaries of a trust, the principal of the trust should be paid over "to and among the issue then living" of four nephews and a niece of the testatrix "per capita and not per stirpes," where their living lineal descendants at the time for distribution were children and children and grandchildren of those children, distribution should be made

in equal shares among all the lineal descendants and not in equal shares among the children only, even though by such distribution among all the descendants the junior generations competed with the senior generation.

PETITION for instructions, filed in the Probate Court for the county of Suffolk on April 17, 1957.

The case was heard by *Keville,* J.

*H. Burton Powers,* stated the case.

*Paul B. Sargent,* for the respondent Hannah E. Phinney.

*Lawrence R. Cohen, (John H. Pearson & James R. DeGiacomo* with him,) for the respondents Whitman Pearson and others.

*Arthur L. Eno, Jr., (Francis F. O'Donnell* with him,) for the respondent Caroline Pratt DeMallie.

*William N. Swift, (Ralph S. Brown, Jr.,* with him,) for Joseph R. Watkins, guardian ad litem.

CUTTER, J.   This is a petition by the trustees under the will of Abby W. Pearson for instructions about the distribution which they should make under article Sixth upon the termination of the trust established by article Fourth by reason of the death of the last survivor of all the income beneficiaries named in that trust.   Article Sixth reads in part, "And . . . upon the decease of . . . [here the income beneficiaries were described] then to . . . pay over . . . the principal . . . to and among the *issue then living* of my said nephews and said niece, *per capita and not per stirpes*" (emphasis supplied).   The trust terminated on February 25, 1957, when there were living the issue of four nephews of the testatrix as follows: (a) two sons of nephew A plus one child of each such sons; (b) a daughter (without issue) of nephew B; (c) of nephew C, a daughter, who in turn had five children and four grandchildren, a son, who had two children, and a son with four children; (d) two sons, one with no issue and one with two children, and a daughter, with two children, of nephew D.   There thus were living at the termination of the trust thirty persons who were issue of various generations of the testatrix's four named nephews, including nine children, seventeen grandchildren,

and four greatgrandchildren of these nephews. There was no then deceased child of any such nephew who left then living issue. A guardian ad litem was appointed to represent minor grandchildren and greatgrandchildren of the four nephews.

The probate judge ruled that the trust estate, after deducting expenses, should "be divided into thirty . . . equal shares and that one such share [should] be paid over to each of the issue of the . . . nephews . . . living on February 25, 1957." Certain children of nephews appealed, contending that a distribution of one ninth of the fund should have been made to each of the nine persons living at the termination of the trust who was a child of one of the named nephews of the testatrix; in other words that the words "per capita and not per stirpes" should be construed as restricting the distribution to the nine living persons who were members of the top generation of one of the four stocks in which there were issue of a nephew or niece living at the termination of the trust.

"The tendency of our decisions has been . . . to construe 'issue,' where its meaning is unrestricted by the context, as including all lineal descendants [of the named ancestor or ancestors] and importing representation." See *Jackson* v. *Jackson*, 153 Mass. 374, 377–378; *Young* v. *Jackson*, 321 Mass. 1, 5–6. "[U]nless the testator has clearly manifested a contrary intention . . . a . . . bequest to . . . 'issue' refers to that class of beneficiaries who would be entitled to take under the law of intestate succession if the designated ancestor had died at the time fixed for ascertaining the class, and also indicates that the members of the class so determined are to share in the same manner and proportions as such persons would share under the statute relating to the distribution of intestate estates" (emphasis supplied). See *Ernst* v. *Rivers*, 233 Mass. 9, 14; *B. M. C. Durfee Trust Co.* v. *Borden*, 329 Mass. 461, 463. Compare G. L. c. 4, § 7, Sixteenth, relating to the meaning of the word "issue" when used in statutes.

This is in substance the rule of construction adopted in

Restatement: Property, § 303 (1). This rule, of course, prevents competition of children with their own parents, by applying the per stirpes provisions of the statute of distributions only where the beneficiaries are of different generations. See *Boston Safe Deposit & Trust Co.* v. *Park*, 307 Mass. 255, 263–266. See also *Gleason* v. *Hastings*, 278 Mass. 409, 412–414.

The rule, however, is only one of construction (see *Agricultural National Bank* v. *Miller*, 316 Mass. 288, 291) and here it is contended that a contrary intention was very definitely indicated by the testatrix through her use in article Sixth of the words "per capita and not per stirpes." Restatement: Property, § 303, comment i, indicates that a finding of a contrary intention "is normally proper when the limitation directs that the issue . . . of B shall take per capita and not per stirpes . . . . When the issue take per capita, a remote descendant of B can share even though his parent is alive and also shares." Illustration 5 of § 303 supports this statement, as do cases in other jurisdictions. See *Northern Trust Co.* v. *Wheeler*, 345 Ill. 182, 187–197; *Mazziotte* v. *Safe Deposit & Trust Co.* 180 Md. 48, 50–51; Am. Law of Property, § 21.13, nn. 7, 9, § 22.62; Kales, Estates, Future Interests, §§ 575, 577; Newhall, Settlement of Estates (4th ed.) § 355; Powell, Real Property, § 370; Simes and Smith, Future Interests (2d ed.) §§ 738, 744–747; Page, Wills (3d ed.) § 1080, at page 285; Note, 13 A. L. R. 2d 1023. See also *Re Osborn's Will*, 99 N. Y. S. 2d 707 (Surr. Ct.); Casner, Estate Planning (2d ed.) 426. Compare *Mercantile Trust & Savings Bank* v. *Rogers*, 5 Ill. App. 2d 162, 169, app. den. 10 Ill. App. 2d v; *Matter of Farmers' Loan & Trust Co.* 213 N. Y. 168, 173–177; *Central Hanover Bank & Trust Co.* v. *Pell*, 268 N. Y. 354, 358–362. Compare also *Bradlee* v. *Converse*, 318 Mass. 117, 119–120, where a per stirpes distribution was involved.

There appears to be no Massachusetts case construing a limitation precisely like that found in article Sixth. Where, however, a will or trust instrument has explicitly provided, as does article Sixth, for a per capita distribution, the Mas-

sachusetts cases have given effect to that direction and have assumed that the testator or donor knew the meaning of the terms which he was using. *Russell* v. *Welch*, 237 Mass. 261, 263–264. *Proctor* v. *Lacy*, 263 Mass. 1, 9–10. See also *Hardy* v. *Roach*, 190 Mass. 223, 225. Compare *Hall* v. *Hall*, 140 Mass. 267, 270–271; *Jackson* v. *Jackson*, 153 Mass. 374, 377–378; *Coates* v. *Burton*, 191 Mass. 180, 182–183 (where the words "share and share alike" in the light of the general scheme of the will there considered were not regarded as directing a per capita distribution); *Allen* v. *Boardman*, 193 Mass. 284, 286–287; *Cammann* v. *Abbe*, 258 Mass. 427, 429–430; *B. M. C. Durfee Trust Co.* v. *Borden*, 329 Mass. 461, 462–463 ("share and share alike" held not to import competition of children with their parents). Compare also *Boston Safe Deposit & Trust Co.* v. *Doolan*, 307 Mass. 233, 238. Any tendency in the Massachusetts cases to import into the term "issue" the concept of representation must yield, we think, to an express direction that the distribution take place to issue per capita and not per stirpes, for such a direction sufficiently renders inapplicable any rule of construction involving reference to the statute of distributions. In the absence of contrary indications, where a per capita distribution to issue is directed expressly all persons of any generation who come within the term "issue" of the designated ancestor should be regarded as direct donees of the testator and not merely as representing a deceased ancestor and should share equally with other such donees. Particularly is this true in a case like the present one where, in another article of the will,[1] the draftsman has shown that, when he wanted to do so, he knew how to provide explicitly for distribution involving the principle of representation.

[1] The final sentence of article Fourth read, "And when and as my said nephews and said niece hereinbefore named shall respectively decease, the annuities to which they are then or may thereafter be entitled under this will shall be paid to his or her issue, but if he or she shall leave no issue, or if said issue shall thereafter and before the termination of the trust become extinct then to the surviving nephews and niece, the issue of a deceased nephew or niece however to stand in his or her place and take his or her parents share." Article Fourth provided also for the payment of income simultaneously to the testatrix's brother and his son, thus showing that she had no objection to a provision which placed a member of one generation in competition with an ancestor of an earlier generation.

The trial judge here correctly directed distribution per capita to all the issue, living at the termination of the trust, of the testatrix's nephews, regardless of generation. The decree of the Probate Court is affirmed. Reasonable allowances for costs and expenses of the proceedings before us may be allowed to the respondents participating therein or to their counsel in the discretion of the Probate Court. The compensation and expenses of the trustees in connection with this appeal are properly the subject of their subsequent accounting. Those of the guardian ad litem are governed by G. L. c. 201, § 35.

*So ordered.*