THE NEW ENGLAND TRUST COMPANY, trustee, *vs.*
JOHN A. McALEER & others.

Suffolk.    December 6, 1961. — April 6, 1962.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE,
& SPIEGEL, JJ.

*Devise and Legacy,* Issue, Per stirpes or per capita, Determination of class,
Time of vesting, Remainder.

Under a will providing that upon the death of the last survivor of the
testator's five children, income beneficiaries of a trust comprised mostly
of real estate, the trust income should be paid "to and among all the
issue of my said five children share and share alike until my youngest
grandchild shall have arrived at the age of twenty-one years," and that
when the youngest grandchild arrived at such age the entire principal
of the trust estate "herein devised" should be paid over, "convey [ed]"
and transferred "to and among all the issue of my said five children
share and share alike, in fee simple," the trust principal, upon the death
of the testator's last surviving child many years after the testator's
youngest grandchild had arrived at the age of twenty-one years and at
a time when the class of issue of the testator's children was large and of
various generations, should be distributed to their issue per stirpes and
not per capita [109, 110–113]; and should be so distributed to their
issue living at the death of the testator's last surviving child rather than
to their issue living when the testator's youngest grandchild arrived at
the age of twenty-one years. [113–114]

PETITION for instructions, filed in the Probate Court for
the county of Suffolk on May 18, 1960.

The case was heard by *Wilson,* J.

*Alfred Gardner,* stated the case.

*William B. Trafford,* for Robert H. McAleer and others.

*Norman Landstrom,* for Charles E. McAleer.

*John B. Dolan,* for Virginia M. Guptill and another.

*C. Richard Clark,* for Matilda Weller and another.

*H. Burton Powers,* for George Weller.

*Philip B. Buzzell,* for Jordan Marsh Company.

*Austin Broadhurst,* guardian ad litem, pro se, submitted
a brief.

*Leonard Wheeler & Samuel L. Batchelder, Jr.,* for Charles L. McAleer, submitted a brief.

SPIEGEL, J.  This is a petition by the trustee under the will of Patrick McAleer for instructions as to whom and in what proportions it should distribute the trust fund set up in article Third of the will,[1] and for instructions regarding the manner of distribution of the real estate which comprises part of the trust corpus.

The respondents named in the petition include three living grandchildren of the testator, John A. McAleer, Charles L. McAleer, and Matilda Weller; the Jordan Marsh Company, assignee of Charles L. McAleer; the executor of the will of Theresa M. Finn, granddaughter of the testator; the executrix of the will of Leo F. McAleer, grandson of the testator; and the issue of the testator's grandchildren.

---

[1] The provisions of article Third are as follows:

"Third.  To my son John B. McAleer and my daughter Mary Elizabeth McAleer all the rest and residue of my estate real and personal of which I shall die seized or possessed, or to which I shall be in any way entitled, or over which I shall have any power of appointment at the time of my decease, including the remainder in the real estate hereinbefore devised to my wife for her life, to their own use but upon the trust following, to wit:

"1.  To hold and manage the same, collect the rents and income thereof, and after deducting the taxes, repairs and other necessary expenses incurred in the management thereof, including a reasonable compensation for their own services as trustee to pay over one fifth part of the balance, or net income, to each of my five children Ann T., Mary Elizabeth, Sarah, Helena Josephine and John B. McAleer in semi annual payments and not by way of anticipation, during the life of each of them.

"2.  Upon the decease of any one of my children to pay his or her share of said net income to his or her issue, if any, in equal shares and in semi-annual payments, until the death of the last survivor of my five children.

"3.  Upon the decease of anyone of my children leaving no issue to pay his or her share of said net income to his or her surviving brother or sisters in equal shares, the issue of any deceased brother or sister taking the share of such deceased brother or sister by right of representation, until the death of the last survivor of my five children.

"4.  Upon the death of the last survivor of my five children to pay said net income to and among all the issue of my said five children share and share alike until my youngest grandchild shall have arrived at the age of twenty-one years.

"5.  When my youngest grandchild shall have arrived at the age of twenty-one years to pay over, convey and transfer the entire principal of the estate herein devised in trust to and among all the issue of my said five children share and share alike, in fee simple."

Pursuant to Rule 3 of the Rules for the Regulation of Practice before the Full Court (1952), 328 Mass. 695, the parties have joined in designating those portions of the transcript of evidence and those documents, or parts thereof, which constitute the record on appeal.

Article Third of the will provides in part that the income from the trust is to be paid to the testator's five children; that upon the death of the last survivor of the testator's children the income is to be paid "to and among all the issue of my said five children share and share alike until my youngest grandchild shall have arrived at the age of twenty-one years"; that "[w]hen my youngest grandchild shall have arrived at the age of twenty-one years to pay over, convey and transfer the entire principal of the estate herein devised in trust to and among all the issue of my said five children share and share alike, in fee simple."

Patrick McAleer died in April, 1903. His estate was made up mostly of real property. He was survived by five children, Ann T., Mary Elizabeth, Sarah J., and John B. McAleer, and Helena C. M. Willis, and by six grandchildren, the children of his son John B. McAleer, namely Charles L., John A., Leo F., and Joseph A. McAleer, Matilda M. Weller, and Theresa M. Finn.

Helena C. M. Willis, the testator's last surviving child, died on March 8, 1960. At that date there were over fifty persons alive who were of the class of issue of the testator's children. They included the following: John A. McAleer, Charles L. McAleer, and Matilda M. Weller, grandchildren of the testator, all of whom had attained the age of twenty-one; the children, grandchildren, and great grandchildren of John A. McAleer; the children and grandchildren of Charles L. McAleer; the children, grandchildren, and great grandchildren of Matilda M. Weller; Virginia Guptill and Eleanor M. Theller, children of Leo F. McAleer, a deceased grandson of the testator; Lloyd H. Guptill, grandson of Leo F. McAleer. Leo F. McAleer died in 1954. Joseph A. McAleer died in 1908 without issue and Theresa M. Finn died in 1959 without issue.

The testator's youngest grandchild, Theresa M. Finn, reached the age of twenty-one years on August 22, 1911. At that date the class of issue of the testator's children included the following: Charles L., John A., Leo F., Matilda M. Weller and Theresa M. Finn, grandchildren of the testator; George A. Weller, child of Matilda; John B. McAleer, child of John A. McAleer; Charles E. McAleer, child of Charles L. McAleer.

Jordan Marsh Company has been named as a respondent because of an assignment dated December 1, 1941, of the interest of Charles L. McAleer in the estate of Patrick McAleer made to Jordan Marsh Company by the trustee in bankruptcy of Charles L. McAleer. There was also an agreement dated November 8, 1939, entered into by Charles L. McAleer and Jordan Marsh Company which purports to be an assignment of the interest of Charles L. McAleer in the estate of Patrick McAleer to Jordan Marsh Company. By stipulation, Charles L. McAleer has admitted the execution and delivery of both the agreement of November 8, 1939, and the assignment of December 1, 1941.

The probate judge entered a final decree ordering the trustee to distribute the trust principal "per stirpes to those issue of Patrick McAleer's son John B. McAleer, who were living on March 8, 1960, namely: one quarter to the respondent John A. McAleer; one quarter to the respondent Jordan Marsh Company as assignee of the respondent Charles L. McAleer . . .; one quarter to the respondent Matilda Weller; one eighth to the respondent Eleanor McAleer Theller; and one eighth to the respondent Virginia Guptill." That portion of the final decree having to do with the manner of distribution of the real estate in the trust principal is not argued by the parties.

Charles L. McAleer, one of the testator's grandchildren; Robert H. McAleer, A. Gordon McAleer, Mary McAleer Merritt, children of Charles L. McAleer; and the guardian ad litem representing minor issue of the testator's children appeal on the ground that the distribution of the trust fund should be made on a per capita basis to the issue of the

testator's children.    Charles E. McAleer also appeals on the further ground that the class of takers should be determined as of August 22, 1911, the date when the testator's youngest grandchild reached the age of twenty-one.

''It is a general rule of construction to be followed unless the testator has clearly manifested a contrary intention that a devise or bequest to 'heirs' or 'issue' refers to that class of beneficiaries who would be entitled to take under the law of intestate succession if the designated ancestor had died at the time fixed for ascertaining the class, and also indicates that the members of the class so determined are to share in the same manner and proportions as such persons would share under the statute relating to the distribution of intestate estates.''    *Ernst* v. *Rivers,* 233 Mass. 9, 14.    See *Hall* v. *Hall,* 140 Mass. 267, 270–271; *Jackson* v. *Jackson,* 153 Mass. 374, 377–378.    The rule prevents competition between parents and children.    *B. M. C. Durfee Trust Co.* v. *Borden,* 329 Mass. 461, 463.

This rule is only one of construction.    *Welch* v. *Phinney,* 337 Mass. 594, and authorities there collected.    In the *Welch* case, *supra,* 595, the limitation was ''. . . to and among the issue then living of my said nephews and said niece, per capita and not per stirpes.''    The court said, at page 598, that ''[a]ny tendency in the Massachusetts cases to import into the term 'issue' the concept of representation must yield . . . to an express direction that the distribution take place to issue per capita and not per stirpes, for such a direction sufficiently renders inapplicable any rule of construction involving reference to the statute of distributions. In the absence of contrary indications, where a per capita distribution to issue is directed expressly all persons of any generation who come within the term 'issue' of the designated ancestor should be regarded as direct donees of the testator and not merely as representing a deceased ancestor and should share equally with other such donees.''

In the instant case there was no express direction that the distribution be made per capita.    See *Russell* v. *Welch,* 237 Mass. 261; *Proctor* v. *Lacy,* 263 Mass. 1.    Nor were the

members of the class of takers described by their respective names.   See *Hardy* v. *Roach,* 190 Mass. 223.

The limitation in clause 5 of article Third of the testator's will provides for a distribution of the corpus "to and among all the issue of my said five children share and share alike, in fee simple."   Limitations similarly phrased have been construed, in accordance with the general rule of construction, to mean a distribution per stirpes to the class of "issue."   *Dexter* v. *Inches,* 147 Mass. 324, 326 ("equally to and among the issue of said . . . [named ancestor]"). *Cammann* v. *Abbe,* 258 Mass. 427, 430 ("to issue then living in equal shares").   *B. M. C. Durfee Trust Co.* v. *Borden,* 329 Mass. 461, 463 ("to the issue of . . . [named ancestor] share and share alike").

It is argued that if the limitation in the instant case is not construed to mean a distribution per capita to the issue of the testator's children, the word "all" as it appears in the limitation would be rendered mere "surplusage."   In *Manning* v. *Manning,* 229 Mass. 527, 532, the limitation "to all my then surviving grandchildren and their issue" was interpreted as importing representation.   *Hall* v. *Hall,* 140 Mass. 267, 269, involved a limitation which provided for a distribution "equally . . . among all such issue or children share and share alike."   It was there stated, at page 271, that this limitation ". . . does not necessarily mean that each of such issue shall have an equal share with every other, or with a child.   It is satisfied if all such issue share in a division which is equal as between the living children and the issue of deceased children taking per stirpes."   See *Coates* v. *Burton,* 191 Mass. 180, 182.

It is also argued that the family "split" or were "in the process of becoming split, into two mutually hostile factions . . . and that the testator was committed to a position of steadfast neutrality as between the two factions."   Because of this we are asked to conclude that the testator intended to adopt a plan of per capita distribution.   We think the contrary conclusion may be reached with equal ease. Other circumstances indicate that a per stirpes distribution

of the trust fund was intended. The testator's estate consisted mostly of real estate. In clause 5 of article Third of the will, terms such as "convey," "devised," and "in fee simple" are employed which we believe indicate that the testator contemplated that the real property itself would be distributed. There was no provision for the sale of the real estate. It is unlikely that the testator intended a per capita distribution of his property so that title to the real estate would be held by an unusually large number of tenants in common.

We think the probate judge was correct in ordering a distribution per stirpes to the issue of the testator's children.

The only remaining issue concerns the determination of the class of persons entitled to share in the distribution of the trust fund. Charles E. McAleer contends that under clause 5 of article Third the class of issue of the testator's children is to be determined as of August 22, 1911, the date when the testator's youngest grandchild attained the age of twenty-one. This clause is to be read with clause 4 of article Third which provides that, after the death of the testator's last surviving child, the income is to be paid to the issue of the testator's children until his youngest grandchild attains the age of twenty-one.

Considering these two provisions together, it becomes evident that the remaindermen's interest in the corpus is subject to the life interests of the testator's children and to the interests of the issue of the testator's children in the income. There could be no distribution until both these interests had terminated. Although the testator apparently believed that all of his children would be dead before his youngest grandchild reached twenty-one, we are of opinion that the class was intended to remain open until all prior interests had terminated. Restatement: Property, § 295, comment l. Since the youngest grandchild attained the age of twenty-one prior to March 8, 1960, the date of the death of the testator's last surviving child, the class of issue of the testator's children is to be determined as of that date.

The case of *Dickerman* v. *McGregor,* 278 Mass. 393, is distinguishable. The will in that case provided that "upon the death of all my said sisters and my said brother [which occurred in 1906] I give and devise all said estate and property . . . to the children then living of my said sister Sarah Adelaide Kidder . . . ." The court stated, at page 397, that ". . . the intention of the testator that all the children of Mrs. Kidder who might be alive upon the death of all the testator's sisters and brother should share equally in the property is too clearly expressed to be overcome by the argument that the scheme of the will shows that only those should take who were alive at the time of distribution," which was in 1931 at the time of the death of the testator's widow. In the case at bar, no such clearly expressed intention appears. See Restatement: Property, § 295, comment q.

The judge was correct in directing that the trust fund is to be distributed per stirpes to the issue of the testator's children who were alive on March 8, 1960.

*Decree affirmed.*