JOHN R. CHAPIN & others, trustees, vs. F. ALFRED
PATTERSON, JR., & others.

Suffolk.   November 8, 1967. — December 4, 1967.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, SPIEGEL, & REARDON, JJ.

*Devise and Legacy*, Issue, Per stirpes or per capita.

Under a will directing distribution of the income of a testamentary trust
among B, C and D, and the issue of any of them deceased by right of
representation, and, upon the death of the last survivor of B, C and
D, distribution of principal of the trust "in equal shares" to their then
surviving children and the then surviving issue of any deceased child
by right of representation, it was held that upon the death without
issue of C, the last survivor of B, C, and D, the principal should be
distributed in seven equal shares per capita among two children of B,
four children of D, and a grandchild of D who was a son of a deceased
child of D.

PETITION for instructions filed in the Probate Court for
the county of Suffolk on July 13, 1966, by the trustees under
the will of Mary O. Loud, late of Boston.

The case was heard by *Keville*, J.

*Elizabeth G. Verville* (*Gardner Cushman* with her) stated the
case.

*Jules E. Angoff* for F. Alfred Patterson, Jr., & another.

*Walter F. Flanagan* for John K. Simpson & others.

*Harris A. Reynolds* (*Jason A. Aisner* with him) for Pauline
M. Thomas, guardian.

CUTTER, J.   A testatrix left property in trust to pay the
income to her nephew A for life and then "in equal shares
to such of" A's children, B, C, and D, "as may be then
living, and to the issue then living of any of said children
who may have previously deceased, such issue to take their
parent's share by right of representation," and "upon the
death of any of said children . . . [to pay] his or her share of
the income in equal shares to his or her children and to the
issue of any deceased child by right of representation," and
in case B, C, or D "die leaving no issue, or in case of the

death of all of his or her issue before the [trust's] termination . . . then his or her share of the income shall be paid to his or her brothers or sister or to their issue in the same manner." Upon the death of the last survivor of B, C, and D, the provision (for convenience called the termination gift) was that the trustees "shall pay over and divide" the trust estate (after certain charitable gifts) "in equal shares, to the children then surviving of" B, C, and D, "the issue then surviving of any deceased child to take their parent's share by right of representation." There was a gift over to others in the event that there were no then living issue of B, C, or D.

C, the last survivor of B, C, and D, died leaving no issue in 1966. Two children of B and four children of D were then living. There was also a grandchild of D, the son of a deceased child of D. Prior to the death of C, the two children of B had been sharing one-third of the trust income and the four children and one grandchild of D had been sharing one-third of such income, each taking one-fifth of such one third.

A Probate Court decree instructed the trustees to make distribution in seven equal shares per capita among the two children of B and the four children and grandchild of D. The children of B appealed.

The language of the termination gift, read literally, directs a per capita distribution among the children of B, C, and D (with the son of D's deceased child taking the share which his parent would have taken). During C's life (and after the death of B and D), income was distributed to C and to the issue of B and D essentially on a per stirpes basis. This, however, does not sufficiently show an intent contrary to the literal meaning of the termination gift. *Cammann* v. *Abbe*, 258 Mass. 427, 429–430. *Gleason* v. *Hastings*, 278 Mass. 409, 412–414. *B. M. C. Durfee Trust Co.* v. *Borden*, 329 Mass. 461, 462–463. See *Welch* v. *Phinney*, 337 Mass. 594, 598; Newhall, Settlement of Estates (4th ed.) § 355; Page, Wills (Bowe-Parker ed.) § 36.10. See also Restatement: Property, §§ 300, 301;

Powell, Real Property, § 368. There is no adequate indication of an intention that distribution be made per stirpes among the issue of B, C, and D, living at the death of the last survivor (with the stirpes or stocks to be found in B, C, and D) such as existed in *Bradlee* v. *Converse,* 318 Mass. 117, 119–120. See *Walker* v. *Walker,* 326 Mass. 397, 400–401.

The decree is affirmed. Costs and expenses shall be in the discretion of the Probate Court.

*So ordered.*