GEORGE R. WALKER & another, trustees, *vs.* JOSEPH R. WALKER & others.

Worcester.    September 25, 1950. — November 3, 1950.

Present:  QUA, C.J., WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Trust,* Express trust: construction; Per stirpes or per capita; Issue. Words, "And."

A proper construction of an entire instrument of trust, providing for payment of income to the settlor's wife for life and then to his children and issue of deceased children until the death of the survivor of the children, when the principal was to be transferred free of trust "to the issue of . . . [the] children . . . each line of issue taking thereof its proper share as the shares of income are hereinbefore provided to be paid" and "said issue or descendants of said children" taking equally if they "shall all be in equal degree of relationship to their respective parents or ancestors (meaning the deceased said children of . . . [the settlor]) . . . otherwise . . . [taking] by right of representation," required that upon the death of the survivor of the settlor's children, two of whom, a daughter and a son, left children then living, the trust property be transferred one half in equal shares to two children of the daughter and the other half in equal shares to five children of the son, and not to the grandchildren in seven equal shares.

PETITION for instructions, filed in the Probate Court for the county of Worcester on September 21, 1949.

The case was heard by *Wahlstrom,* J.

*P. Fletcher,* stated the case.

*M. A. Shattuck*, (*L. L. Wadsworth, Jr.*, with him,) for Marshall and another.

*R. W. Mirick*, for Joseph R. Walker and others.

WILKINS, J. This is a petition for instructions by trustees under a deed of trust of real estate delivered on October 1, 1886, to Joseph Henry Walker, late of Worcester, by a grantee from Walker in another deed, simultaneously recorded, of the same real estate. As Joseph Henry Walker was in all but form the creator of the trust, we shall refer to him as the settlor. The controversy relates to distribution of principal upon the death of the last life beneficiary. More particularly, the question is whether the principal should be distributed equally among the seven living grandchildren of the settlor or according to the stocks of the two deceased children of the settlor who had issue surviving, namely: Agnes W. Claflin, the mother of the respondents Mildred Marshall and William W. Claflin; and Joseph Walker, the father of the respondents Joseph R. Walker, Richmond Walker, George R. Walker, Katharine W. Bradford, and Evelyn W. MacDuffie. The Probate Court entered a decree that the trust "property shall be distributed in equal shares to the respondents, they being the seven surviving children of the issue of said Joseph H. Walker and in equal degree of kinship to their parents." The respondents Marshall and Claflin appealed.

The source of the controversy is the provision: "And upon the decease of the last survivor of said three children[1] of said Joseph Henry Walker, then in trust to convey, transfer and make over the principal . . . to the issue of said three children, if any such issue there may be, — absolutely and free from any trust . . . To hold to them and their heirs and assigns forever, each line of issue taking thereof its proper share as the shares of income are hereinbefore provided to be paid, and in such conveying, transferring and making over among such issue, if said issue or descendants of said children of said Joseph Henry so living

---

[1] The third child, George Walker, died without issue.

shall all be in equal degree of relationship to their respective parents or ancestors (meaning the deceased said children of said Joseph Henry) they shall take the said Trust fund or Trust property equally, otherwise they shall take it by right of representation."

By the words, "each line of issue taking thereof its proper share as the shares of income are hereinbefore provided to be paid," we are directed for guidance to the income provisions. After payment of the income to the settlor's wife for life, the trustee was "to pay said net income . . . to the said Joseph Walker, George Walker and Agnes Walker, children of said Joseph Henry Walker, in equal shares during their joint lives." If any child were to die without issue, the income was to go to the surviving child or children in equal shares. "But so long as one of said three children survives, if any one or both of said other children shall have died leaving issue living at his or her decease, such issue shall stand in the place of its parent or ancestor, and shall be entitled to receive said parents' [*sic*] or ancestor's share of said net income during the life of the survivor of the said three children by right of representation: — And so long as one of said children survives, if one of the others of said children shall have died leaving no issue living at his or her decease, and the other of said children shall have died leaving issue living at his or her decease, then the surviving child and said issue of said deceased child so leaving issue shall be entitled to the whole of said net income in equal shares, said issue if in the same degree of kindred to take equally, otherwise by right of representation: — And if, while one of said children survives, the issue of any deceased child shall have become entitled to its parents' [*sic*] or ancestor's share in said net income and all of said issue of any deceased child shall thereafter decease while one of said three children survives, the interest and right of such issue under this trust shall inure to and vest in the surviving child or children and the issue of any other deceased child or children who would under this trust be entitled to said interest, if the parent or ancestor of said extinct issue had

died at the time of the death of the last survivor of said issue leaving no issue living at such parents' [*sic*] or ancestor's decease."

To summarize, the income was to go to the children "in equal shares" for life, and (so long as at least one of the three children survived) upon the death of a child: the income of his or her share was to go to his or her issue, "said issue if in the same degree of kindred to take equally, otherwise by right of representation." There was no provision for one "line of issue" to participate in the income of another "line of issue" unless such other "line of issue" had become extinct. As applied to the family situation which eventuated, no income of the Claflin "line of issue" was to go to the Walker "line of issue" so long as there was living issue in the Claflin line. There is no provision for a per capita division of the income among the issue of the two lines at any time. The language, achieving a per stirpes division headed by the settlor's children, is particularly clear and forceful throughout.

Returning to the provision for the distribution of principal, we are of opinion that the clause "each line of issue taking thereof its proper share as the shares of income are hereinbefore provided to be paid," taken in connection with all the language of the instrument of trust, means that each "line of issue" — of the settlor's children, and not of his grandchildren — is to take its own share of principal per stirpes, and not that the two lines are to take the entire principal per capita. It seems to us that the settlor's intention was directed toward the distribution of one share among the members of one "line of issue" when he added to that clause the words, "and in such conveying . . . among such issue; if said issue or descendants of said children . . . shall all be in equal degree of relationship to their respective parents or ancestors (meaning the deceased said children of said Joseph Henry) they shall take . . . equally, otherwise . . . by right of representation." The introductory conjunction "and" suggests the engrafting of a detail consistent with the settlor's previous instructions

rather than the inconsistent annexation of a limitation or qualification in the nature of a proviso. The reference to "such issue" apparently is to "each line of issue" mentioned earlier in the same sentence. The use of "respective" before "parents or ancestors" seems conclusive that the language is directed toward a distribution of each of the respective shares among the members of "each line of issue." Likewise, no other interpretation would give due effect to the broad mandate that the distribution should be in accordance with the scheme for distribution of income "hereinbefore provided to be made."

As the result depends upon the precise language of the trust deed, we omit citation or discussion of the cases to which we have been referred and which concern trust instruments expressed in substantially different language.

The decree of the Probate Court is reversed, and a new decree is to be entered instructing the petitioners that one half of the principal is to be distributed in equal shares to the respondents Mildred Marshall and William W. Claflin and one half of the principal is to be distributed in equal shares to the respondents Joseph R. Walker, Richmond Walker, George R. Walker, Katharine W. Bradford, and Evelyn W. MacDuffie. The allowance of costs and expenses shall be in the discretion of the Probate Court.

*So ordered.*