HERBERT M. FEDERHEN *vs.* MARY G. KIBBEY & others.

Suffolk.    November 29, 30, 1909. — January 7, 1910.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Devise and Legacy.*

A testator at the time of making his will had five children, all of whom were married except a son named Henry. By his will he left all his real estate to a trustee for the term of ten years, the net income to be distributed during that term in certain proportions among his five children. Then came the following provision: "At the expiration of said trust at the end of said ten years, I give and devise one undivided fifth part thereof in fee simple to each of my following four children, John, Herbert, Augusta and Frances, and I give and devise the other undivided fifth to my son Henry for the term of his life, and at his death to be equally divided among my other four children, the issue of any deceased child to take what would have been its parent's share if living." The testator's son John died testate one year before the expiration of the ten years, leaving children, and by his will undertook to dispose of all the property that would come to him under the will of his father "at the termination of the trust therein." The trustee brought a suit in equity for instructions as to whether the accumulated income in his hands derived from the share of John should be paid to the executor of John's will or to John's issue under the last clause of the provision quoted above. *Held,* that such accumulated income was disposed of by the will of John, because the shares of the first named four children of the original testator mentioned in the provision quoted were given to them absolutely as tenants in common with a postponement of their right of possession for ten years, and the provision for the issue of any deceased child applied only to the disposition of the share of Henry at the termination of his life estate.

BILL IN EQUITY, filed in the Supreme Judicial Court on February 23, 1909, by Herbert M. Federhen, trustee under the will of John Federhen, for instructions as to the proper disposition, under the provisions of that will which are quoted in the opinion, of certain accumulated income in his hands as such trustee derived from the share of John Federhen, 3d, a son of John Federhen and mentioned in such provision as his son John.

The case came on to be heard before *Braley*, J., who reserved it upon the pleadings for determination by the full court.

*John Chipman Gray*, for Mary G. Kibbey.

*A. A. Gleason*, for Rebecca L. Federhen.

*W. A. Rollins*, for the Old Colony Trust Company as guardian for Dorothy L. Petersen.

*R. Ernst*, guardian for Clarence H. Federhen.

MORTON, J. John Federhen, senior, died on July 30, 1898, leaving a will dated December 16, 1895, which was duly admitted to probate. At the time of the making of the will the testator had five children, all of whom were married and had children except the son Henry. The will left all of the testator's real estate to his son Herbert, in trust, for the term of ten years, the income remaining after the payment of charges and expenses to be divided during said term in certain proportions amongst the five children. Then follows the clause which has led to the bringing of this bill, namely: "At the expiration of said trust at the end of said ten years, I give and devise one undivided fifth part thereof in fee simple to each of my following four children, John, Herbert, Augusta and Frances, and I give and devise the other undivided fifth to my son Henry for the term of his life, and at his death to be equally divided among my other four children, the issue of any deceased child to take what would have been its parent's share if living." The son John Federhen 3d died August 28, 1907, one year before the expiration of the ten years, leaving a will that was duly admitted to probate, by which he undertook to dispose of all the property that would come to him under the will of his father "at the termination of the trust therein."

The question before us relates to the construction to be

given to the clause quoted above from the will of John Federhen, senior. More particularly the question is whether the concluding words, " the issue of any deceased child to take what would have been its parent's share if living," apply to the shares given to John, Herbert, Augusta and Frances as well as to that given to Henry for his life, or whether they refer only to Henry's share; — the contention being in the former case that under the will of John Federhen, senior, John Federhen 3d was given at the end of ten years as tenant in common an undivided fifth part of the principal of the real estate with a substitutionary gift to his issue in case he died before the end of the ten years, and in the latter case that the shares vested absolutely in the four children at the testator's death as tenants in common with a postponement of the right of possession till the expiration of the ten years. The result of the former contention, if adopted, would be to render inoperative and void the attempted disposition by will by John Federhen 3d of his share under his father's will, while according to the latter construction such disposition will be valid.

It is plain that the devise was to the children as tenants in common, and not to them as joint tenants or as a class, (*Frost* v. *Courtis*, 167 Mass. 251, *Stanwood* v. *Stanwood*, 179 Mass. 223,) and it seems to us that the words as to the taking by issue quoted above refer to what immediately precedes them which is the devise to Henry and not to the devise to the other four children.

In the first place the devise is to each of the four children by name in fee simple, and, so far as appears, there was nothing in the circumstances of the testator or in his relations to the children thus named or in their circumstances or situation or in other provisions in the will to furnish a reason for cutting down the absolute character of the gift thus made. An absolute gift will not be defeated by an equivocal expression of a contrary tendency. *Williams* v. *Bradley*, 3 Allen,. 270.

In the next place the clause, as the repetition of the words " give and devise" tends to show, naturally divides itself into two parts, each dealing with distinct though related matters; — the first with the devise to the four children and the other with the devise to Henry. It is the fifth given to Henry for his life which the testator directs to be divided at Henry's

death amongst the other four children, and it follows naturally, it seems to us, that it is that of which the issue of any deceased child are to take their parent's share, and this accords, we think, with the grammatical construction also. Naturally there would be a slight pause between the words "four children" and the words "the issue of any deceased child," etc., and that would account for the presence of the comma between them, if its presence or effect needs to be explained.

Lastly, as already observed, the fifth that was given to Henry was given to him for his life only. This left a remainder to be disposed of in his case which was not so in regard to the devise to either one of the other four children. In disposing amongst the other four children of the remainder thus created, the testator may well have had in mind the contingency that would arise if one of them should decease before Henry and have provided for it, as we think that he did, without at all affecting or intending to affect the absolute character of the devise already made to the other four children.

The result is that the income which has accumulated in the plaintiff's hands on account of the share of John Federhen, 3d, in his father's estate is to go and be disposed of according to the will of said John Federhen, 3d.

*Decree accordingly.*