Old Colony Trust Company, executor, vs. William
Calvin Kennard & others.

Middlesex.    February 8, 1956. — March 13, 1956.

Present: Qua, C.J., Ronan, Spalding, Counihan, & Whittemore, JJ.

*Devise and Legacy,* Construction of particular phrase, Gift of property
   "remaining" on date of distribution. *Words,* "Remaining."

Under a will giving pecuniary legacies in stated amounts to a niece,
   three nephews and a niece-in-law of the testatrix, subject to the con-
   dition that if the total of the five bequests exceeded one half of the
   total amount of the cash and securities in the testatrix's estate "as
   of the date set for distribution" the bequest to the niece-in-law should
   be paid in full but the other four bequests should abate proportion-
   ately until the total of the five did not exceed one half of the cash
   and securities, directing that all estate and inheritance taxes should
   be paid as a debt of the estate, giving to charitable institutions one
   half of the cash and securities "remaining . . . at the date set . . .
   for distribution," and bequeathing the residue to the niece and neph-
   ews, the cash and securities "remaining" in the hands of the executor
   on the date set for "distribution" included the amounts of the pecu-
   niary legacies, and such five pecuniary legacies were not first to be
   paid before computing the one half of the cash and securities payable
   to the charitable institutions.

Petition for instructions, filed in the Probate Court for
the county of Middlesex on June 24, 1954, by the executor
of the will of Agnes F. Thurston, late of Belmont.

The case was heard by *Leggat, J.*

*L. Roger Wentworth,* stated the case.

*Roger W. Hardy,* for William Calvin Kennard and others.

*John B. Dolan,* for New England Peabody Home for
Crippled Children, (*Roy M. Robinson,* for Perkins Institu-
tion and Massachusetts School for the Blind, with him).

Whittemore, J.   This is an appeal by three nephews of
Agnes F. Thurston, testatrix, who as legatees under her
will are adversely affected by a decree of the Probate Court
for Middlesex County construing the will.

The principal question is whether certain pecuniary legacies in stated amounts to the appellants and two other relatives are to be paid before dividing over to two charities "one half of the cash and securities . . . remaining in the hands of . . . [the] executor at the date set by it for distribution . . . ." The judge ruled in substance that the pecuniary legacies should not be paid first. There was no error.

The will gave four legacies of $10,000 each to a niece and three nephews, and one legacy of $3,000 to a "niece-in-law." In paragraph thirteenth it stated the condition and exception, in substance, that, if the total of the five pecuniary bequests given in earlier paragraphs of the will should exceed "one half of the total amount of the cash and securities at market value in my estate as of the date set for distribution by my executor, then I direct that the $3,000 . . . [bequest] shall be paid in full and that the several $10,000 bequests . . . shall abate proportionately to the extent necessary to keep the total of all . . . [these] pecuniary bequests . . . within a sum not exceeding one half of the amount of cash and securities at market value to be distributed by my executor."

Paragraph fifteenth of the will gave to two charitable institutions, appellees here, "one half of the cash and securities at market value remaining in the hands of my executor at the date set by it for distribution of my estate." The sixteenth paragraph gave all the rest, residue, and remainder of the estate to the three nephews and the niece in equal shares.

It was stipulated by all parties "that the real estate, or the proceeds from the sale thereof, vested in and passed directly to the residuary devisees under the will."

The final decree provided that after paying debts, charges of administration, and taxes the executor should distribute to the two charities "in equal shares one half of the then remaining cash and securities of said estate, excluding from such cash the proceeds from the sale of any real estate; that the executor out of the remaining one half of said cash and

securities pay the other specific and pecuniary or general legacies in full and pay the remaining balance if any and distribute the real estate, if any, in equal shares to the residuary legatees under clause sixteenth of said will."

Paragraph fifteenth states without ambiguity an intention to give to the charities that which the final decree provides. What is "in the hands of my executor at the date set by it for distribution" is necessarily inclusive of those amounts which, on that distribution, are going to be paid out for pecuniary legacies, wherever stated in the will. The use of the word "remaining" does not create ambiguity. The presence of this word does not require a reference to preceding paragraphs of the will to give it meaning. The word is not inappropriate in the context of paragraph fifteenth alone, inasmuch as the testatrix could properly contemplate that by the date fixed for distribution there would have been payments from the principal of the estate for debts, funeral expenses, and expenses of administration, and that securities would have been sold. The cash and securities in hand on the date of distribution would be such as would remain after the executor's proper administration between the time of its appointment and that date. If there is any implied backward reference in the use of the word "remaining" the implication, even apart from the words which follow it in the qualifying phrase, would not necessarily reach farther back than the next preceding paragraph, fourteenth, which directs the payment of estate and inheritance taxes as a part of the estate. Having in paragraph fourteenth just dealt with a payment which would deplete the cash and securities, it was natural for the testatrix in paragraph fifteenth to speak of what was "remaining" of that category of assets. And the wording of the entire qualifying phrase stops any backward implication of "remaining" with paragraph fourteenth. When the testatrix said "cash and securities . . . remaining in the hands of my executor at the date set by it for distribution" she was not contemplating that a prior depletion would have been made in such assets by a partial distribution.

The appellants contend, nevertheless, that the will as a whole requires a contrary construction. They point out that, if the testatrix intended that the charities receive one half of the cash and securities, there was no need to state any pecuniary legacies to the three nephews and the niece. See *Pickering* v. *Young*, 282 Mass. 292, 293. It is apparent that on the construction adopted below, which we sustain, the scheme of the will would have been fully accomplished by a provision giving $3,000 to the niece-in-law, with a preference clause, and following this and subject thereto a gift of one half of the cash and securities in the estate, at the date set for distribution, to the charities, and then the present residuary clause giving the remainder of the cash and securities to the three nephews and the niece. But this alone is not enough to control the construction. Such cumbersomeness of structure as is here manifested does not of itself require that the will be construed so as to remove it. The principle that construction shall be such as to make all parts of the instrument operative does not require that a will be construed to avoid redundancy. This is not a case where an absolute gift will be defeated by giving effect to a later equivocal expression of a contrary tendency. See *Federhen* v. *Kibbey*, 204 Mass. 291, 293; *Williams* v. *Bradley*, 3 Allen, 270, 282.

If the provisions of paragraph fifteenth were ambiguous the inartistry in the structure of the will which the adopted construction confirms would be a forceful and perhaps persuasive reason for rejecting it. But we are not dealing with language which on careful reading is in itself ambiguous. We do not find shown in other provisions of the will an intention to do otherwise than paragraph fifteenth appears to direct.

The appellees point to paragraph thirteenth as confirmation of an intention that the charities shall in any event have one half of the cash and securities in the estate on the date fixed for distribution. It does so speak to a degree at least in spite of the counter argument that all that is surely manifested by this paragraph is that in the particular event

there stated, namely, that the estate is so small that the total of the subject pecuniary legacies ($43,000) would be more than one half of the cash and securities, it was the testatrix's wish that the charities have one half thereof. It is enough for present purposes to note that there is nothing in paragraph thirteenth which alters the apparent meaning of paragraph fifteenth.

Disregarding for the moment the preferential bequest, the structure of this will shows four legacies in stated amounts, two legacies totaling one half of the cash and securities in the estate on distribution day, and a disposition of the residue. In the event that there are insufficient assets to pay all the bequests in full there is specific instruction what to do, so that we need not determine whether to call the bequests of paragraph fifteenth specific legacies. See *Tomlinson* v. *Bury*, 145 Mass. 346; *Cooney* v. *Whitaker*, 192 Mass. 596; *Conway* v. *Shea*, 282 Mass. 25. The fact that the residue goes to the same persons who get the stated pecuniary legacies raises a question of whether the testatrix meant what she has appeared to say. We cannot find it shown in the will that she did not.

*Decree affirmed.*