RICHARD C. EVARTS, administrator, *vs.* DOROTHY D. DAVIS & others.[1]

Middlesex. December 8, 1964. — February 8, 1965.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & REARDON, JJ.

*Devise and Legacy,* Descendants. *Words,* "Descendants," "Issue."

Under a will bequeathing all the testatrix's property "to the descendants of my maternal grandmother . . . in whatever proportion shall be thought equitable by them," where it appeared that the descendants of the maternal grandmother living at the testatrix's death were grandchildren and their children and grandchildren, it was held that, in order to avoid competition between the grandchildren and their own descendants, the testatrix's property should be distributed to the grandchildren in equal proportions unless they agreed otherwise, and not to all the descendants of the maternal grandmother.

PETITION for instructions filed in the Probate Court for the county of Middlesex on September 25, 1963.

———

[1] The others are twenty descendants of Mary A. Dudley consisting of Marifrances Coburn, Harold W. Fisher, and William W. Fisher, who with Dorothy D. Davis are all the grandchildren of Mary A. Dudley living at her death, and their respective children and grandchildren who need not be named.

The case was reported by *McMenimen, J.*

*Richard C. Evarts* stated the case.

*Alfred Sallinger,* of Texas, for William W. Fisher & others.

*Francis S. Moulton, Jr.* (*Warren C. Moffett* with him) for Dorothy D. Davis & another.

*Daniel J. Triggs,* guardian ad litem, pro se, submitted a brief.

KIRK, J.   This is a petition by the administrator with the will annexed of the estate of Mary Katherine MacLarnie, late of Cambridge, seeking the instructions of the Probate Court as to whom and in what proportions said estate is distributable.   After hearing and without decision the case was reserved and reported under G. L. c. 215, § 13, upon the pleadings, statement of agreed facts, and amendment to statement of agreed facts.   We thus have a case stated for our consideration.

The holographic will, signatures of the testatrix and witnesses omitted, reads as follows: "I, Katherine MacLarnie, being of sound mind, do hereby give and bequeath all such property real and personal of which I die possessed to my mother, Maude Dudley MacLarnie, of Cambridge, Massachusetts in the county of Middlesex.   In event of my outliving her, I direct that all property and money in my name shall go to the descendants of my maternal grandmother, Mary A. Dudley, in whatever proportion shall be thought equitable by them.   Written by me June 25, 1929 in Cambridge, Massachusetts."

The testatrix's mother, Maude Dudley MacLarnie, died on February 9, 1957, predeceasing the testatrix, who died unmarried and without issue on March 17, 1963.

The respondents are all of the descendants of the testatrix's maternal grandmother living at the death of the testatrix.   Four respondents are grandchildren of Mary A. Dudley: Dorothy D. Davis, Marifrances Coburn, Harold W. Fisher, and William W. Fisher.   They are first cousins of the testatrix, and are her only heirs at law and next of kin. All were living at the time her will was executed.

Other respondents include six great grandchildren of Mary A. Dudley, four of whom were living at the time the testatrix's will was executed, and eleven great great grandchildren, none of whom were living when the testatrix's will was executed. Five descendants of the testatrix's maternal grandmother living at the time of the execution of the will predeceased the testatrix. The respondents have been and are unable to agree as to whom and in what proportion the estate should be distributed. All the great great grandchildren, except Patrick L. Gordon, are minors and were represented by a guardian ad litem in this proceeding.

To determine the disposition of the property this court must attempt "to ascertain the intention of the . . . [testatrix] from the whole instrument, attributing due weight to all its language, considered in the light of the circumstances known to [her] . . . and to give effect to that intent unless some positive rule of law forbids." *Fitts* v. *Powell,* 307 Mass. 449, 454. *Hill* v. *Aldrich,* 326 Mass. 630, 632. *Wheeler* v. *Kennard,* 344 Mass. 466, 469. Since the mother of Katherine MacLarnie predeceased her, the words which determine the disposition of the testatrix's property are "shall go to the descendants of my maternal grandmother, Mary A. Dudley, in whatever proportion shall be thought equitable by them."

The word "descendants" has long been held in this Commonwealth to mean all persons, even to the remotest generation, who by consanguinity trace their lineage to the designated ancestor, unless the words of the will clearly manifest a contrary intent. *Green* v. *Hussey,* 228 Mass. 537, 539. *Baker* v. *Baker,* 8 Gray, 101, 118–120. It is also a rule of construction, however, that interpreting a will to allow grandchildren and great grandchildren (and their descendants) to take simultaneously, and thus admit children to compete with their living parents, is to be avoided unless such was plainly the testatrix's intent. *Manning* v. *Manning,* 229 Mass. 527, 529. *Ernst* v. *Rivers,* 233 Mass. 9, 14. *B. M. C. Durfee Trust Co.* v. *Borden,* 329 Mass. 461,

463. *New England Trust Co.* v. *McAleer*, 344 Mass. 107, 111. The above rule of construction is equally applicable whether the disposition is to "issue" or "descendants" since "issue," in the absence of a manifest intent to the contrary, is construed in this Commonwealth to mean lineal descendants. *Jackson* v. *Jackson*, 153 Mass. 374, 377. *Welch* v. *Colt*, 228 Mass. 511, 515. *Young* v. *Jackson*, 321 Mass. 1, 5–6. See G. L. c. 4, § 7, Sixteenth.

We are aware of no case in this Commonwealth in which a disposition to "descendants" or "issue," without other language indicating the testatrix's intent, has been construed to allow children to take a share along with their living parents. Cases wherein an intent has been found that property be distributed per capita among all issue have involved language clearly distinguishable from that employed in the instant case. See *Welch* v. *Phinney*, 337 Mass. 594, 597–598, interpreting the language "issue then living . . . per capita and not per stirpes" and cases there cited.

Some respondents have argued that the phrase following the word "descendants" — "in whatever proportion shall be thought equitable by them" — indicates that the testatrix intended all descendants regardless of degree of kinship to take. We reach a contrary conclusion. The fact that the testatrix intended that the descendants should agree upon the shares to be taken shows that she thought of descendants as a group of persons of sufficient age to reach such an agreement. Giving the word "descendants" its broad meaning to include all generations would almost inevitably result in the inclusion of minors in the group, who could only reach such an agreement through a representative. We doubt that the testatrix intended such a result.

It is our opinion that the testatrix's intent can best be carried out by construing "descendants" to avoid competition between children and living parents. Thus the property should be distributed to the grandchildren of Mary A. Dudley living at Katherine MacLarnie's death: Dorothy D.

Davis, Marifrances Coburn, Harold W. Fisher, and William W. Fisher. If they are unable to agree as the testatrix has wished on what proportion each should take, a decree should be entered in the Probate Court directing that the estate be divided equally among them.

Costs are to be determined by the Probate Court.

*So ordered.*