MERRIMACK VALLEY NATIONAL BANK & another,[1] trustees, vs. ALFRED H. GRANT & others.[2]

Essex. May 2, 1967. — July 12, 1967.

Present: WILKINS, C.J., SPALDING, KIRK, SPIEGEL, & REARDON, JJ.

*Devise and Legacy,* Issue, Determination of class.

Under a will giving life tenants of the testatrix's residence a power of sale thereof but requiring that the proceeds of such sale be paid to the trustees of a residuary trust established by the will, and providing that if, upon the death of the last survivor of the life tenants, the residence had not been sold, an undivided three-fourths interest therein should pass to the issue then living of the testatrix's deceased sister and an

<hr>

[1] Stephen W. Grant.

[2] The respondents and their relationship are set out in diagram form. An asterisk indicates that the person predeceased the testatrix.

| Edward T. Hall* (brother of testatrix) | | | Delight W. Gage (testatrix) | | | Margaret K. Grant* (sister of testatrix) | | |
|---|---|---|---|---|---|---|---|---|
| Priscilla A. Waters | Richard Hall | Edward T. Hall, Jr. | Delight H. Rothe* | | | Alfred H. Grant | Stephen W. Grant | John P. Grant |
| | | | Eigil D. Rothe | Lillian A. Rothe | Ernst Rothe | | | |

undivided one-fourth interest therein should pass to the issue then living of the testatrix's deceased brother, and that upon the death of such last survivor the trust principal should pass "to the same persons" as received the remainder interests in the residence in case it had not been sold, but silent as to the proportions in which such persons should share the trust principal, where it appeared that all of the life tenants had predeceased the testatrix and that the residence was sold after her death, it was held that the proceeds of the sale did not fall into the residue but three-fourths thereof should be distributed among the surviving issue of the testatrix's deceased sister and one-fourth thereof among the surviving issue of the testatrix's deceased brother [148]; and that the residue was not distributable to such issue in the same proportions as the proceeds of the sale of the residence but should be distributed one-seventh to each of five nephews and a niece surviving the testatrix and to the surviving children of a deceased niece by right of representation [149].

PETITION for instructions filed in the Probate Court for the county of Essex on April 20, 1966.

The case was heard by *Costello, J.*

*W. Clifford McDonald* stated the case.

*Andrew L. Nichols* for Alfred H. Grant & others.

*Varnum Taylor,* for Ernst Rothe & another, submitted a brief.

KIRK, J. This is an appeal from a final decree in the Probate Court for Essex County upon a petition for instructions brought by the trustees under the will of Delight W. Gage to ascertain to whom and in what proportions the trust estate is distributable.

We set out those portions of articles 4 and 5 of the testatrix's will which are in issue. "FOURTH: I give and devise to my aunt, Julia E. Twitchell, my sister, Margaret K. Grant, and her husband, the Reverend John H. Grant, as tenants in common, and to the survivors or survivor of them, the use for life of my residence in Andover, Massachusetts . . . and I give to such tenants ; . . the power of sale . . . ; provided, however, that the proceeds of said sale shall be made payable to the trustees of my estate hereinafter named . . . . Upon the death of the last survivor of said life tenants, in case said premises shall not have been sold prior thereto, I give said real estate as then constituted in the following proportions:  An undivided three-

fourths interest therein I give to the issue then living of
my said sister, Margaret K. Grant, to be theirs absolutely;
and an undivided one-fourth interest therein I give to the
issue then living of my brother, Edward T. Hall, to be
theirs absolutely. FIFTH: All the rest, residue and re-
mainder of my estate, of whatever nature, real and per-
sonal and wherever situated, I give, devise and bequeath
IN TRUST to my nephew, Stephen W. Grant, of Cambridge,
Massachusetts, and The Andover National Bank, of An-
dover, Massachusetts, and to their successors in this trust,
upon the following trusts: Said trustees shall have
power to invest and reinvest said trust estate . . . and to
use and apply the income . . . toward the maintenance of
the premises . . . in said Andover . . . so long as any of
said life tenants shall live and occupy said premises; and
the balance of the income of said trust estate said trustees
shall pay over to said life tenants, . . . and said trustees
shall have power to expend principal in their sole dis-
cretion in addition to the income . . . . At the death of
the last survivor of said three life tenants above named, the
trust shall terminate and the principal of said trust estate
shall be paid over to the same persons as stated in the pre-
ceding Article Fourth as entitled to the real estate upon the
death of the life tenants in case it shall not have been pre-
viously sold, to be theirs absolutely and free of any trust.''

All of the life tenants predeceased the testatrix. The
property described in article 4 of the will was sold after
the testatrix's death. The final decree of the Probate
Court provided with respect to article 4 of the will that the
children of the testatrix's deceased sister, Margaret K.
Grant, should share three fourths of the proceeds from the
sale of the premises. The remaining one-fourth interest
was divided among the children of the testatrix's deceased
brother, Edward T. Hall. Each of the surviving children
was awarded a one-sixteenth interest. The remaining one-
sixteenth interest was divided among the children of Ed-
ward's deceased daughter, Delight H. Rothe. Under arti-
cle 5 of the will, the decree awarded a one-seventh interest

to each of the testatrix's surviving niece and nephews. The remaining one-seventh interest was divided equally among the children of the testatrix's deceased niece, Delight H. Rothe.

The children of Margaret K. Grant, the testatrix's deceased sister, appeal. They contend that the language used and the general plan of the testatrix as set forth in the will as a whole reveal an intent that the residue under article 5 be distributed not only to the same persons but also in the same proportions as are prescribed in article 4. The children of the testatrix's deceased niece, Delight H. Rothe, contend that the proceeds from the sale of the testatrix's residence should pass under article 5 of the will.

Our duty is "to ascertain the intention of the . . . [testatrix] from the whole instrument, attributing due weight to all its language . . . and to give effect to that intent unless some positive rule of law forbids." *Fitts* v. *Powell,* 307 Mass. 449, 454. *Evarts* v. *Davis,* 348 Mass. 487, 489, and cases cited.

1. We see no grounds for disturbing the decree with respect to article 4 of the will. " 'It is a general rule of construction to be followed unless the testator has clearly manifested a contrary intention that a devise or bequest to "heirs" or "issue" refers to that class of beneficiaries who would be entitled to take under the law of intestate succession if the designated ancestor had died at the time fixed for ascertaining the class, and also indicates that the members of the class so determined are to share in the same manner and proportions as such persons would share under the statute relating to the distribution of intestate estates.' *Ernst* v. *Rivers,* 233 Mass. 9, 14.'' *New England Trust Co.* v. *McAleer,* 344 Mass. 107, 111. There was no express direction in the testatrix's will that the distribution be made per capita. The distribution made by the judge was in accord with the applicable rule of construction and in the proportions stated in the will. See G. L. c. 190, §§ 2, 3.

2. The testatrix has clearly expressed her intent that the

same persons who are eligible to share in the premises under article 4 should share in the residue of the estate under article 5. The only question for our consideration is the proportion of the residue to which each person is entitled.

Whereas the testatrix has expressly provided in article 4 that the issue of her sister and of her brother are to receive a three-fourths interest and a one-fourth interest, respectively, she has not so provided in article 5, either expressly or by reference. The testatrix has, however, provided for a proportional distribution of the residue by prescribing the means to be used to ascertain the persons who are to take under article 5. Where there is no express provision to the contrary, a bequest to "issue" is to be distributed in the same proportions as such persons would share under the statute relating to the distribution of intestate estates. *Green* v. *Hussey,* 228 Mass. 537. *Ernst* v. *Rivers,* 233 Mass. 9, 14. *New England Trust Co.* v. *McAleer,* 344 Mass. 107, 111. We think that a reading of the will as a whole shows that this is the distribution which the testatrix intended. We do not find in other provisions of the will an intention to do otherwise than what article 5 appears to direct. See *Old Colony Trust Co.* v. *Kennard,* 333 Mass. 720, 723. We cannot speculate on the motives which might have governed the testatrix, or conjecture that she has failed to express her intention and undertake to supply it. *Towle* v. *Delano,* 144 Mass. 95, 99. The distribution decreed by the probate judge was right.

The decree is affirmed. Costs and expenses are to be in the discretion of the Probate Court.

*So ordered.*